Burger et al. *v.* Potter et al.

## Lemuel Burger *et al.*

### *v.*

## Elizabeth Potter *et al.*

1. CONVEYANCES — *in case of deceased vendor — chancery jurisdiction.* The 34th section of the Conveyance Act, which authorizes the executors, administrators or heirs of any deceased person who shall have made a contract in writing, in his lifetime, for the conveyance of land, to apply to a court of chancery for a decree that the conveyance be made, embraces only those cases where the purchase-money has been fully paid, and has no reference to a case where the consideration remains wholly or in part unpaid.

2. Although the statute does not embrace cases where the purchase-money is not all paid, yet a court of chancery will entertain a bill at the suit of the executors or administrators and heirs or devisees of such vendor, where the consideration has not been paid, for the two-fold purpose of enforcing the payment of the money and authorizing a conveyance of the land.

3. JURISDICTION IN CHANCERY — *when there is a remedy at-law.* The fact that the executor or administrator has a remedy at law to compel the payment of the purchase-money in such case, does not exclude the jurisdiction of a court of chancery, to the end that complete justice may be done to all the parties; for, upon such a bill, the court can decree the legal title in the owner of the equitable title, on his paying the purchase-money at a day to be named; and, on a failure to make the payment, the interest of the vendee in the premises may be ordered to be sold, and an execution awarded for any residue.

4. It has been held that when the purchase-money of land remains unpaid, the vendor may file his bill for a specific performance to coerce the payment of the money, and to subject the land to sale for satisfaction, although an action at law would lie upon the note. *Andrews et al.* v. *Sullivan*, 2 Gilm. 332. The personal representatives may proceed in the same manner.

5. MISJOINDER OF PARTIES' COMPLAINANT — *how taken advantage of.* The rule of chancery practice is, when improper parties are made complainants, the defendant must demur, and cannot make the objection on error after the bill has been taken for confessed.

6. PLEA IN CHANCERY — *when necessary.* Where a bill in chancery is exhibited by three executors, two only of whom were appointed in the will, the third having been appointed by the County Court, if it is objected that the County Court had no authority to add the third executor, that should be taken advantage of by plea. It is too late to raise the objection on error.

7. PARTIES IN CHANCERY. Where a bill is filed by the representatives of a person who made a contract in writing, in his lifetime, for the conveyance of land, for the purpose of enforcing the payment of the purchase-money, and also for authority to make the conveyance, the heirs-at-law of the vendor are proper and necessary parties.

Burger et al. *v.* Potter et al.

8. JOINDER OF PARTIES IN CHANCERY — *heirs and executors.* And in such case it is proper to join the heirs as co-complainants with the executors, the minor heirs suing by their next friend.

9. WHETHER INFANTS SHOULD BE MADE DEFENDANTS *or complainants.* In a suit for the purpose indicated, it is not necessary that the minor heirs should be made defendants, and guardians *ad litem* appointed to protect their interests. The purpose of this suit was to execute a contract made by their ancestor, which the heirs could have been compelled to perform. It is not every suit which has for its object to divest a minor of his estate, that is against his interest, so that he must be made a defendant, but only in those special cases arising under the statute.

10. PROCHIEN AMI, AND BOND FOR COSTS — *when infants sue.* Nor is such a case within the 13th section of the chapter of the statute entitled "Guardian and Ward," which empowers minors to sue in all cases by any person they may select as their next friend, he giving bond for costs.

11. VENDOR'S LIEN — *waiver by taking other security.* No lien exists in a vendor of land who has taken a note, with security for the purchase-money.

12. REVIVOR OF LIEN — *in chancery.* And, as a general principle, a court of equity cannot revive a lien which has thus been waived.

13. THE ALLEGATIONS, PROOFS *and decree must correspond.* Where the description of land is imperfectly set forth in a bill in chancery, with no averment of mistake in the instrument presented having relation to the land, and no evidence upon the subject, it would be error to correct the description of the premises in the decree.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. SAMUEL L. RICHMOND, Judge, presiding.

On the 9th day of May, 1860, Ephraim Potter, being owner of certain lands lying in Woodford county, sold, and entered into a contract in writing to convey the same to Lemuel Burger, his heirs or assigns, upon the payment of the purchase-money, amounting to one thousand and seventy-three dollars, for which Burger executed his note, with security. Among the lands thus to be conveyed, was a tract described as follows: "Twenty acres, commencing ten rods north of the S. E. corner of the north-east of the N. E. quarter section thirty-one, in township twenty-six, and running west eighty rods, thence south forty rods to the place of beginning."

On the 11th of December, of the same year, Potter made his last will and testament, of which he appointed his wife, Elizabeth, and his son, Abram Potter, his executrix and executor; and soon afterwards died.

In January, 1861, the will was admitted to probate, and the executrix and executor named therein applied for letters testamentary. The County Court of Woodford county thereupon ordered that said Elizabeth Potter and Abram Potter be appointed executors of the said will, and that L. P. Hereford be appointed to act in conjunction with them in the settlement of said estate; and it was further "ordered that letters testamentary be granted, with the will annexed" to the three persons named as executrix and executors, all of whom entered into bond and assumed the duties of the trust.

The purchase-money for the lands which Ephraim Potter, in his lifetime, had sold and agreed to convey to Burger, remaining, for the greater part, unpaid, Elizabeth Potter, the executrix, and Abram Potter and L. O. Hereford, the executors, joining with them as co-complainants, the adult and minor heirs and devisees of Ephraim Potter, deceased, the latter appearing by their next friend, the said Hereford, in August, 1861, exhibited their bill in chancery in the Circuit Court, against the said Burger and his security upon the note, setting up the state of facts before recited. It was represented in the bill that by the terms of the will the executors were not empowered to make conveyance of the lands to the vendee, "and as by a suit at law recover said purchase-money from said purchaser, Lemuel Burger, without first delivering him a deed to said land," the complainants were without remedy at law; and therefore prayed that a decree be entered authorizing the said executors to convey the said premises to Burger, the vendee, and that the court also decree the purchase-money remaining unpaid to be a vendor's lien upon the land; and that, in the event of non-payment of the amount found to be due, within a time to be fixed by the court, the lands be sold to satisfy the same; and for general relief.

No allusion was made in the bill to the imperfect description in the written contract of sale of the twenty acre tract specially mentioned above.

The bill was taken for confessed, and a final decree entered at the August term, 1861, of the Circuit Court, finding the sale of the lands by Ephraim Potter to Lemuel Burger, but setting

forth the boundaries of the twenty acre tract mentioned, not as found in the written contract between the parties, but as follows: "twenty acres, commencing ten rods north of the S. E. corner of the N. E. of the north-east quarter, section thirty, in town twenty-six, and running west 80 rods, thence south 40 rods, thence east 80 rods, thence north 40 rods to the place of beginning." The court found the amount remaining unpaid of the purchase-money to be eight hundred and sixty dollars and twenty-five cents, and decreed that all the estate, right, title and interest that was in the said Ephraim Potter, at the time of his death, in the said premises, be as fully vested in the said Lemuel Burger, his heirs and assigns, as the same was vested in the said Ephraim at the time of his death; and that all the right, title and interest which any and all of the complainants then held as the representatives of the said Ephraim, be fully vested in the said Burger, his heirs and assigns, subject, however, to a vendor's lien for the amount of the purchase-money found to be in arrears. It was further decreed that the complainants, the executors aforesaid, have and recover from the defendants the said sum of eight hundred and sixty dollars and twenty-five cents, together with their costs; and that, unless that sum should be paid within a time named, to the executors, the premises should be sold, etc., awarding execution for the residue.

The defendants below thereupon sued out this writ of error, and now insist:

1. The County Court of Woodford county had no power to appoint an executor of Ephraim Potter, deceased.

2. The minor heirs of Potter were improperly made complainants, but should have been made defendants, and a guardian *ad litem* appointed to protect their interests.

3. There was no equity in the bill.

4. The decree should not have been rendered without proof.

5. No execution should have been awarded for the residue after sale of the lands.

6. It was improper to declare a vendor's lien to exist, as that had been waived by taking other security for the purchase-money.

7. The court erred in fixing other boundaries to the twenty acre tract, than those set forth in the contract.

Mr. H. GROVE, for the plaintiffs in error.

Messrs. A. E. STEVENSON and BANGS & SHAW, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court :

We do not agree with the defendants in error, that this record presents a case provided for by section thirty-four of chap. twenty-four, title " Conveyances."

That section is as follows: The executors, administrators, or heirs of any deceased person or persons who shall have made such contract, bond or memorandum in writing, as aforesaid, in his or her lifetime, for the conveyance of land for a valuable consideration, when such consideration has been paid and fulfilled, as aforesaid, may, upon application in writing, obtain such decree, as aforesaid, upon giving notice to the party to whom such deed is intended to be made, and under the same condition as is provided in this chapter. Scates' Comp. 163.

The case shows, and that is the burden of the complaint, that the consideration has not been paid and fulfilled, and resort is had to this proceeding to enforce payment. Neither this statute, nor any other, provides for such a case as this is. Here, the purchaser, enjoying the property for which he has bargained, the consideration money for which has not been paid, is in no mood himself to call into action the power of the court to vest him with the legal title, preferring to use his money for purposes other than the fulfillment of a contract he has made, and which he is honestly bound to perform. And it may be, the land has depreciated since he executed the note, or other inducements may have their influence, whilst the estate of the vendor may be embarrassed by his non-compliance with his contract. There must be, somewhere, a remedy for this state of things, and if no special statute can be found to meet the case, the power of a court of equity cannot be ineffectual.

It may be, possession of the premises could be obtained by an action of ejectment, but this would not settle the equities of the parties, or put an end to the case. A court of equity alone, can do complete justice between the parties, and end the controversy forever. It is objected, by the plaintiff in error, that the complainants have no right to exhibit this bill, and join the executors and infants in it as co-complainants, their interests not being identical. We understand the rule of chancery practice to be, where improper parties are made plaintiffs, the defendant must demur, and cannot make the objection on error after the bill has been taken for confessed. Admitting the County Court had no power to appoint a third executor, two having been appointed by will, and qualified, advantage should have been taken of that fact by plea. It is now too late. The two qualified executors represented the estate. The other complainants are alleged to be the heirs-at-law of the deceased vendor, and represented the title which the law vested in them to the land contracted to be conveyed by their ancestor, and were proper and necessary parties. The infant complainants sue by their next friend, as provided by the fourth section of the Chancery Code. Scates' Comp. 138.

It is true, as urged by the plaintiffs' counsel, the thirteenth section of chap. forty-seven, title "Guardian and Ward," empowers minors to sue in all cases by any person they may select as their next friend, he giving bond for costs; but this is not a case within that statute, and if it was, the statute does not inhibit them from joining in a suit with other parties, in a proper case, suing by their next friend. We are also referred to sections thirty-one, thirty-two, thirty-three, thirty-four and thirty-five of chap. twenty-four, title "Conveyances," Scates' Comp. 163. Those sections, taken in connection, have in view cases where the consideration-money has been paid, and we have already said, this case is not within the purview of either of those sections, or of that statute. It is a case, *sui generis*, where great injustice would be done and great hardship result, if a court of equity, in the exercise of its undoubted powers, could not interpose to relieve.

It is urged that the infant heirs-at-law should have been made defendants and not complainants, as the scope of the bill is to divest them of title to land, and *prima facie* is against their interest. This is not a correct view of the case. The bill prays the aid of the court to carry out the contract of their ancestor, which they can be compelled to perform if proceedings were instituted against them for such purpose, and on proper proofs. A proceeding which divests a minor of an estate in land, is not, necessarily, against his interest, so that he must, in every possible contingency, be made a defendant, and have a guardian *ad litem* appointed to protect his interest. It is only in those special cases arising under the statute, in which he must be made a defendant, and all the evidence affecting him, preserved in the record.

It is asked if these minor heirs could not, hereafter, set aside this decree. We are at a loss to perceive on what grounds. They are parties to a proceeding for their own benefit, to carry out the contract of their ancestor, which they are bound to perform, and which they seek to, and do perform in this mode. But it is urged the decree is defective in awarding a vendor's lien upon the •land, personal security having been taken for the purchase-money. The rule is well settled in the courts of this country, that no lien exists in a vendor who has taken a note with security for the purchase-money. 4 Kent's Com. 153 ; 1 Paige Ch. 20.

In this respect the decree is erroneous and must be modified. It is manifest, the representatives of the estate of the deceased vendor, are wholly remediless by any proceeding at law, and can only have relief in a court of equity, but that court cannot, as a general principle, revive a lien which has been once waived, or other security taken in lieu thereof, but it can decree the legal title in the owner of the equitable title, on his paying the purchase-money at a day to be named. On failure to make the payment, then a sale of the interest of the vendee in the premises may be ordered, and if not sufficient to satisfy the amount due upon the note, then an execution to issue for the residue.

It has been settled by this court, that when the purchase-money of land has not been paid, the vendor may file his bill for a specific performance to coerce the payment of the money, and to subject the land to sale for satisfaction, although an action at law would lie upon the note. *Andrews et al.* v. *Sullivan,* 2 Gilm. 332. This being so, we can perceive no reason why his personal representatives may not proceed in the same manner.

But there is a fatal objection to the decree found in the fifth point, made by the plaintiffs in error, which has not been obviated or answered. The contract and bill both described the land in the same manner, as contained within two lines, one running west eighty rods, thence south fifty rods to the place of beginning, which inclose nothing. The decree is for a tract of land bounded by the following lines: West eighty rods; thence south forty rods; thence east eighty rods; thence north forty rods to the place of beginning. There is no averment in the bill of a mistake in description, or prayer to correct the mistake, the court, therefore, had no power to correct it by the decree. The allegations and proofs do not correspond. The decree is not in conformity to the case made by the bill and the proof. The decision is therefore reversed, and the cause remanded with leave to amend the bill.

*Decree reversed.*