[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 108 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 109 
Upon the facts found by the judge, the plaintiffs are clearly entitled to the relief demanded in the complaint and awarded in the court below. As trustees, under the testator's will, they were the proprietors of the premises known as the "Collins' hotel." These premises extended, in fact as well as in law, to the central lines of the respective party walls, which substantially corresponded with the specified dimensions of the lot, and with its eastern and southern boundaries. (Eno v. DelVecchio, 4 Duer, 61; Sherred v. *Page 110 Cisco, 1 Sandf. 480; Thompson v. Somerville, 16 Barb. 473;Partridge v. Gilbert, 15 N.Y. 614.) There was no assertion of title beyond these lines, either in the notice of sale or in the contract signed by the defendant.
The practice of economizing space in populous cities, by the erection of buildings with party walls, is one so ancient that it would be difficult to trace its origin. The law applicable to this subject has been for centuries well settled in England, and the prevalence of a like usage in our larger towns, has made the rules which govern it equally familiar here.
There was nothing in the description of the premises in question as the "Collins' hotel" which imported, ex vi termini,
that the walls were of this, or of a different character. The failure of the defendant to inform himself on a subject, as to which the notice of sale was silent, indicates his indifference as to the particular character of the walls, and shows that he was content to buy without being at the trouble of examination or inquiry. This omission may be evidence of his own indiscretion and incaution, but it cannot be imputed as a wrong to the plaintiffs, who neither said nor did any thing to mislead him. The auctioneer was not authorized to dispose of the whole or any portion of the structures on the adjacent premises, and the defendant cannot justly complain, that the plaintiffs were not the owners of that which they did not assume to sell, and which was not included in his purchase.
As the title acquired by the defendant extended only to the middle of the eastern and southern party walls, it is obvious that the mutual easement for their support was a benefit, and not a burden, to him as well as the adjacent proprietors. It was a valuable appurtenant, which passed with the title of the property, and its value to him was not diminished by the fact that it was equally beneficial to the adjacent owners. (Eno v.Del Vecchio, 4 Duer, 53.) It is manifest that the Collins hotel would be materially diminished in value if these walls were to be so pared down as to deprive them of their present support. Their thickness does *Page 111 
not appear, but it is fair to assume that the builder availed himself of the advantage of this mode of construction, by adding as much to the interior area of the structure as was consistent with its entire security. It is true that the erection of a party wall creates a community of interest between neighboring proprietors, but there is no just sense in which the reciprocal easement for its preservation can be deemed a legal incumbrance upon the property. The benefit thus secured to each is not converted into a burden, by the mere fact that it is mutual and not exclusive. (Partridge v. Gilbert, 15 N.Y. 601.)
Even if this were otherwise, there would still be nothing in the present case to justify the court in refusing a decree in favor of the plaintiffs. There was no failure of any substantial inducement to the contract. The defendant acquired what he proposed to buy; and he was so well satisfied with the purchase, that, after full opportunity of examination, he approved the form of the proposed conveyance, and executed a bond and mortgage for the balance of the price. Even when he concluded not to fulfill his contract, he did not suggest the objection on which he now rests his defense. The plaintiffs tendered substantial performance of their agreement; and if the defendant really deemed it desirable to fill up part of the interior of the building with an additional thickness of wall, standing wholly on his own ground, an appropriate allowance could have been made by way of compensation. But he made no such claim; and there is no finding, as matter of fact, that the value of the premises is in any degree diminished by the reciprocal easement of which he complains. In such a case, a denial of specific performance would be in contravention of the plainest rules of equity. (Winne v.Reynolds, 6 Paige, 407; King v. Bardeau, 6 Johns. Ch. 37;Ten Broeck v. Livingston, 1 id. 357.)
The judgment should be affirmed.
All the judges concurring,
Judgment affirmed. *Page 112