# New York Marine Court.

*Trial Term—June*, 1875.

## HERMAN POLYE *against* PATRICK SHEEHY, ET AL.

Where a party wall was erected under a parol agreement between two adjoining owners, one-half upon the land of each,

*Held*, that the contract, although by parol, having been executed, is not within the statute of frauds, and that the owner erecting the wall may recover one-half of its cost from the adjoining proprietor.

McADAM, J.—This action is brought to recover one-half of the expense of a party wall, erected one-

Polye v. Sheehy.

half upon the plaintiff's land and one-half on land which the plaintiff alleges belongs to the defendants. The recovery is claimed under a parol agreement, made about July, 1870, whereby the defendants agreed to pay the plaintiff $350, upon the completion of the work. The jury, upon the conclusion of the trial, found the contract to have been made as alleged, and also found that it had been performed in all things by the plaintiff, and awarded him a verdict for the agreed price, with interest.   The defendants now move for a new trial, upon the ground that the agreement is one which creates an interest in land, and that it is on that account void, not being in writing (3 R. S. 5 ed. p. 220, §§ 6, 8).   This objection is inapplicable to the present case.

The agreement does not create an interest in lands within the meaning of the statute.   It is substantially an agreement to pay for improvements upon land ; distinct from title or possession, or, in other words, to pay for work and labor bestowed upon the land, and such promises, although by parol, do not come within the statute (Lower v. Winters, 7 Cow. 263 ; Frear v. Hardenbergh, 5 Johns. 272 ; Benedict v. Beebee, 11 Id. 145. See also 37 N. Y. 106).

The superior court at general term, in Maxwell v. East River Bank (3 Bosw. 146, per Bosworth, J.), held : " We regard it as settled law, that when the owners of adjoining lots agree, though verbally, that each will erect a building or store on his own lot, and that the dividing wall shall be a party wall, and shall be used to support the beams and roof of each building, and they build according to such agreement, and with a view to execute it, neither can remove or do anything to impair the stability or sufficiency of such wall, so long, at least, as the buildings continue in a condition to subserve in every substantial respect the uses for which they were erected."

In McLarney *v.* Pettigrew (3 *E. D. Smith*, 111), an action commenced to recover the alleged consideration for a parol license, granted by the plaintiff, to insert into the wall of his house the beams of a building in course of erection by the defendant, the common pleas, general term, held: "There is nothing in the contract giving the defendant any interest in the land. Whenever the wall shall be removed the plaintiff's title to the land will remain unimpaired, and the defendant will have no claim to rebuild the wall on the plaintiff's lot or to use any other wall the plaintiff might build. It is a mere license to insert the beams in the present wall, without any interest in the land on which the wall stands. A license of this kind is not within the statute."

In Talmadge *v.* Rensselaer & S. R. R. Co. (13 *Barb.* 493), the supreme court held that an agreement by one party, on a sufficient consideration, to build and keep up a division fence between him and the other party is not an agreement creating an interest in the lands, and does not fall within any of the cases where the contract was required to be in writing. The rule that an action will not lie upon a parol contract creating an interest-in land has, like many general rules, its exceptions, depending upon the peculiar circumstances of each particular case ; and, where such contracts have been fully executed upon the one side, recoveries have in some instances been allowed against the other, notwithstanding the statute. For example, see Thomas *v.* Dickenson (12 *N. Y.* 364), Bowen *v.* Bell (20 *Johns.* 338), Murray *v.* Smith (1 *Duer*, 412), Hess *v.* Fox (10 *Wend.* 436).

In Rundge *v.* Baker (57 *N. Y.* 209), the commission of appeals held that where, under a parol agreement between two adjoining proprietors to jointly build a party wall, one-half on the premises of each, and the parties have gone on and built a portion of the wall,

and the one who has prepared his materials and planned his buildings in view of and relying upon the performance of the contract, upon the refusal of the other to proceed, may complete the wall himself, and recover of the other one-half of the expense, and that the statute is no impediment to such recovery.

The contract sued upon in the present case, although not in writing, was, under the circumstances, binding upon the parties, and for this reason the motion for a new trial must be denied.