### O'NEILL v. VAN TASSELL.

(*Supreme Court, General Term, First Department.* February 18, 1892.)

1. VENDOR AND VENDEE—DEFECTIVE TITLE—PARTY-WALLS.
   A contract of sale of a city lot stated that the northerly wall of the building on the lot was a party-wall, but was silent as to the southerly wall, which was also a party-wall. *Held* sufficient to warrant the vendee in rejecting the title; the vendor being burdened with the expense of maintaining the wall.

2. SAME—MAINTENANCE OF ALLEY.
   The lot in question was also held by the vendor under a conveyance which imposed on him the duty of paying a proportion of the expense of regulating and maintaining an alley in the rear of the premises, with others claiming under deeds from the same original owner. *Held* to create an incumbrance rendering the title defective.

Appeal from special term, New York county.

Action by Paul F. O'Neill against Emory M. Van Tassell to recover $500 paid on execution of a contract of sale of real estate, and $200 expenses of examination of title.

Argued before VAN BRUNT, P. J., and LAWRENCE, J.

*Arnoux, Ritch & Woodford,* (*Wm. H. Arnoux,* of counsel,) for appellant. *Miller & Wells,* (*Charles E. Miller,* of counsel,) for respondent.

LAWRENCE, J. On the 11th of February, 1890, the defendant entered into a contract with the plaintiff, by which, for the consideration therein specified, he agreed to sell to the plaintiff two certain lots of land in the Eighth ward of the city of New York, together with the buildings thereon erected, now known and designated as "Nos. 22 and 24 Renwick Street," said lots, taken

together, being about 41 feet in width in front and rear and 60 feet in depth. The agreement recites that the northerly wall of No. 24 was a party-wall, and the defendant agreed to execute, acknowledge, and deliver to the plaintiff a proper deed for the conveying and assuring to him, etc., the fee-simple of the said premises, free from all incumbrances. The title was subsequently.rejected by the plaintiff, on the grounds that the land was deficient in quantity; *second,* that the premises were subject to a party-wall agreement affecting the southerly wall of the building; and, *third,* that the premises were subject to the payment of a proportion of the expense of maintaining an alley adjoining the premises in the rear, and the taxes and assessments thereon. This action was brought by the plaintiff to recover $500 paid by him upon the execution of the contract, and $200 for expenses in the examination of the title. The justice before whom the cause was tried in his opinion states that the objection that the premises, instead of being about 41 feet in front and rear, were only 39 feet and 2 inches in width, would not be sufficient to justify him in upholding the plaintiff in rescinding the contract; but he bases his decision upon the ground that, as the contract stated that the northerly wall of No. 24 was a party-wall, and made no reference to the fact that the southerly wall was likewise a party-wall, the purchaser was on that ground warranted in rejecting the title; and he found as a matter of fact that, as in and by the terms of the deed under which the defendant claims title, and prior deeds, the premises in question are subject to the bearing and paying of the just and equitable proportion of the expense of maintaining an alley adjoining said premises in the rear, and the taxes and assessments falling thereon, the premises were burdened with a covenant which rendered the title defective. We are of the opinion that the conclusion which was reached at the special term was correct. This contract, like every other, is to be construed according to the intent of the parties, and it seems perfectly obvious that by the agreement the defendant intended the plaintiff to understand that only the northerly wall of No. 24 Renwick street was a party-wall. If there had been nothing said about party-walls on either side, it is possible that the case of *Hendricks* v. *Stark,* 37 N. Y. 106, might have been deemed controlling in this case, although that case in other respects depended upon peculiar features which do not exist in this case. Here, however, the vendor has asserted, and the vendee has been led to believe from the terms of the contract of sale, that there was only one party-wall; and we think that the plaintiff, the vendee, is entitled to insist upon the terms of his contract. This case more closely resembles the case of *Stokes* v. *Johnson,* 57 N. Y. 673, than the case of *Hendricks* v. *Stark.* There the plaintiff claimed to rescind the contract of sale on account of the falsity in material respects of the statements made in the hand-bill distributed by the defendants, the property having been purchased at an auction sale. The language of the hand-bill was: "No. 19 Fourth street, a substantial, three-story frame house, with basement and sub-cellar filled in with brick to the roof. * * * House, 22 feet 4 inches by 30 feet; lot 22 feet 4 inches by 75 feet. The property is finely located, * * * is surrounded by stores, and is rapidly increasing in value." Plaintiff gave evidence tending to show that the vendor did not own the whole lot purporting to be sold, but that the house stood an inch and a half on land to which the owner had no title. The court charged the jury: "If you find this house did stand upon the lot of somebody else to the extent of one and one-half inches, it was a reasonable ground of objection;" and, notwithstanding the exception taken to that charge, it was sustained on appeal. In that case, as in this, the vendee was misled by a misrepresentation on the part of the vendor,—in that case, the misrepresentation being contained in the hand-bill; in this, in the contract. We think that the vendor had the right to rely upon his contract, and that we should not compel him to take a title where one side of the premises has a party-wall, which the vendee—it being a covenant

running with the land—would have to pay an equal share of the expenses of repairing and rebuilding. It also seems to us that the premises are subject, under the deeds which were introduced in evidence, to the bearing and paying of charges and an equitable proportion of the expense of maintaining the alley adjoining the premises in the rear, and the taxes and assessments falling thereon. The Messrs. Stewart, the former owners of the premises in question and of five other lots adjacent thereto, made six deeds, all of which contain the following provision: "Together with the right of passing through and out of said alley, in common with all others legally entitled to such right, subject, nevertheless, to the paying and bearing of all charges, and an equitable proportion of the expenses of regulating and maintaining said alley, and of the taxes and assessments falling thereon." We think, under the authorities, that this right or privilege was for the benefit of the owners of all the lots; that they were tenants in common thereof, and chargeable with their respective proportion of the expenses for keeping, repairing, and maintaining the same. For these reasons we are of the opinion that the judgment of the court below should be affirmed, with costs.