(43 App. Div. 53.)

CORN v. BASS et al.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

VENDOR AND PURCHASER—PARTY WALL AS INCUMBRANCE.

An agreement that the owner of premises may erect a party wall between his lot and one adjoining, according to certain plans, to be continued as a party wall forever; that the adjoining owner shall pay one-half of the cost of its erection; that the agreement shall be perpetual, and a covenant running with the land; and that, if it should be necessary to rebuild or repair the whole or part of the wall, the expense shall be borne by the parties as provided therein,—creates an incumbrance on the title, sufficient to avoid a sale.

Appeal from special term, New York county.

Action by Henry Corn against Joseph P. Bass and others. From a judgment for plaintiff entered after trial by the court without a jury, defendants appeal. Affirmed.

This action was for the recovery of a preliminary payment and disbursements made by the plaintiff as the intending purchaser of the premises known as Nos. 498–500 Broadway, upon the ground that the defendants could not give a good title to the property. Various objections to the title were raised upon the trial; but it is only necessary to consider one of them upon this appeal. The defendants claimed title under one Isaac Lawrence, who acquired the premises about 1815. Uninterrupted possession of the premises from 1831 to time of trial was proven. In the year 1858 one William Beach Lawrence, a son of said Isaac Lawrence, being then the owner and in possession

of the property, made with the adjoining owners two party-wall agreements, which it is now claimed constitute an incumbrance upon the title. On the 25th of July, 1893, Isaac Lawrence, a son of said William Beach Lawrence, conveyed the premises in question to the defendants. The defendants having instituted proceedings to effect the sale of the property, in such proceedings a sale was ordered, and the plaintiff became the purchaser. He refused to take the title offered to him upon various grounds, among others the existence of the party-wall agreements above mentioned, and brought this action to recover back his preliminary payment and the disbursements of examining the title.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

William P. Williams, for appellants.

E. Sondheim, for respondent.

VAN BRUNT, P. J. By the party-wall agreements above referred to, the owners of the premises in question and of the premises upon the north and south thereof agreed that the owner of the premises in question might erect party walls upon the division lines, according to certain plans and specifications annexed to said agreements, which should be continued and used as party walls forever; and the owners of the adjacent premises agreed to pay or cause to be paid to him one-half the cost of the party wall in the manner described in said agreements. These agreements contain provisions for the extension of the walls and the division of the expenses thereof, and that such agreements should be perpetual and at all times considered as covenants running with the land; and it was further agreed that, if it should be necessary to repair or rebuild the whole or any portion of said party walls, the expense thereof should be borne by the parties to said agreements in the proportions provided for therein.

It is urged upon the part of the appellants that the general principle has been established that a party wall is a benefit, and not an incumbrance (Hendricks v. Stark, 37 N. Y. 106); and that it has also been established by the case of Heartt v. Kruger, 121 N. Y. 386, 24 N. E. 841, that, upon the destruction of the buildings existing upon the premises affected by the party-wall agreements, the tenements revert to their original or primary condition of ownership, relieved from the covenants contained in the party-wall agreement. Upon examination of the case of Hendricks v. Stark, which, it is claimed, established the principle that a party wall is a benefit, and not an incumbrance, it will be found that the decision of the court rested upon no such question. The case was put expressly upon the ground that the defendant acquired what he proposed to do; and, knowing all about the condition of the premises, he approved the form of covenants, and executed a bond and mortgage for the balance of the purchase price; and that, even when he concluded not to fulfill his contract, he did not suggest the objection in respect to the party wall. The court held that, under such circumstances, the denial of specific performance would be in contravention of the plainest rules of equity, and that is all that was decided by that case. In the case of Heartt v. Kruger it was undoubtedly held that, where a party wall did not rest upon an express

agreement to maintain, the destruction of the wall relieved the premises from the easement; and the case of Partridge v. Gilbert, 15 N. Y. 601, which was relied upon to sustain the proposition that there is a right to rebuild and repair in every case of a party wall, is referred to, and it is suggested that whatever was said upon this subject was not necessary to the decision of the case, and does not seem to have been concurred in by the court. In the case of O'Neil v. Van Tassel, 137 N. Y. 297, 33 N. E. 314, it was held that a perpetual covenant running with the land, which required the owner to share equally with an adjoining owner in the expense of repairing or rebuilding the wall, was an incumbrance. In that case the case of Hendricks v. Stark, supra, is referred to, and the distinction between the case under consideration and that case is pointed out, namely, that there was no agreement or covenant to share in the expense of rebuilding or repairing, and that the agreement related solely to the existing wall so long as it might stand.

In the case at bar, the owner of the premises, by the party-wall agreements, covenanted to build the wall. There was a provision contained in said agreements that it should be a perpetual covenant, and that, if it became necessary to rebuild or repair the wall, the other party to the agreement should contribute his portion of the expenses. It is clear that the right to repair and to rebuild existed, if that necessity arose, and that the party repairing or rebuilding had the right to enforce contribution from the adjacent owner,— bringing the case directly within the principle laid down in O'Neil v. Van Tassel, supra. In fact, it has never been held that a party-wall agreement running with the land is not an incumbrance. It has only been held not to be an incumbrance where it continues under the existing state of things, which, when destroyed, ends the easement.

The judgment appealed from should be affirmed, with costs. All concur.