DRISCOLL v. CARROLL.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

VENDOR AND PURCHASER—TITLE OF VENDOR—INCUMBRANCE—PARTY WALL.

Where a map and terms of sale of land at auction informed the purchaser of a party wall thereon, it was for him to ascertain the nature of the party wall agreement, it being presumed that such contract might be an incumbrance and run with the land, and therefore the existence of such incumbrance is no ground for his rejecting the title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, §§ 257, 477.]

Appeal from Special Term, Kings County.

Action by George F. Driscoll against James G. Carroll, as trustee under the last will and testament of Jane Megarr, deceased. From a judgment for plaintiff, defendant appeals. Reversed.

This is a suit by the purchaser against the seller for the specific performance of a contract of sale of a city lot and house, provided a deduction be first

made from the purchase money for an alleged encumbrance on the title, or else for the recovery of a judgment for the amount of deposit paid on the contract. The plaintiff recovered the said money judgment. The lot was sold by public auction. The map by which it was advertised for sale and sold showed a party wall on the east boundary line, and the terms of sale, which were signed and agreed to by the plaintiff, described the said line as running through a party wall.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Thomas Gilleran, for appellant.
Walter Jeffreys Carlin, for respondent.

GAYNOR, J. The learned court below decided, on an examination and comparison of the decisions on that subject (Cole v. Hughes, 54 N. Y. 444, 13 Am. Rep. 611; Scott v. McMillan, 76 N. Y. 141; Hart v. Lyon, 90 N. Y. 663; Mott v. Oppenheimer, 135 N. Y. 312, 31 N. E. 1097, 17 L. R. A. 409; O'Neil v. Van Tassel, 137 N. Y. 297, 33 N. E. 314; Sebald v. Mulholland, 155 N. Y. 455, 50 N. E. 260; Corn v. Bass, 43 App. Div. 53, 59 N. Y. Supp. 315; Oppenheimer v. Knepper Realty Co., 50 Misc. Rep. 186, 98 N. Y. Supp. 204), that the party wall agreement ran with the land and was therefore an encumbrance on it. From this the conclusion of law was drawn that the plaintiff was not obliged to take the title. But this conclusion does not follow. The map and terms of sale informed the plaintiff of the party wall, and there can be no party wall without an agreement, and often, and indeed usually, party wall agreements run with the land and are perpetual encumbrances thereon. It was for the plaintiff to ascertain the nature of the party wall agreement before he made his contract of purchase. It is to be presumed that such a contract may be an encumbrance and run with the land. Even where there is nothing said of the division walls in the terms of sale by public auction, the purchaser cannot reject the title for their being party walls, for they were visibly there and it was for him to ascertain their character (Hendricks v. Stark, 37 N. Y. 106, 93 Am. Dec. 549); but here the case is stronger against the purchaser, for the terms of sale described the wall as a party wall. O'Neil v. Van Tassel and Oppenheimer v. Knepper Realty Co. were not cases of public sales, and moreover the contracts of sale were that the walls there in question were not party walls, and that is how the purchasers were allowed to reject the title and recover back their deposits. Of the other six cases first cited above five were by a party to a party wall agreement to recover of a grantee of the other party one-half of the cost of the wall on the latter using it, or else to restrain him from using it until he paid the same, and the question was whether the grantee was bound to pay, and that depended on whether the contract ran with the land, for otherwise he was not bound, but only his grantee or predecessor who made the agreement to pay such one-half was bound to do so. It is manifest that they have no application to the question to be decided here, viz., whether, assuming that the party wall agreement runs with and is a perpetual encumbrance on the land, this plaintiff may reject the title. The other one is reported so blindly that the precise facts and the

application of it are not disclosed. It suffices that the point under discussion here was not in mind there.

The judgment should be reversed.

Judgment reversed on the law and facts, and new trial granted; costs to abide the final award of costs. All concur.