## DRISCOLL v. HEALY.

(Supreme Court, Appellate Division, Second Department. December 8, 1911.)

**Appeal and Error (§ 1195\*)—Decision on Former Appeal—Law of Case—Retrial.**
  A decision on former appeal that a purchaser of real property at auction, having acquired notice that one of the boundaries of the property

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ran through a party wall, was charged with notice of the party wall agreement, constituted the law of the case on retrial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

Appeal from Special Term, Kings County.

Action by George F. Driscoll against James A. Healy, as substituted trustee under the last will of Jane Megarr, deceased. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

See, also, 127 App. Div. 265, 111 N. Y. Supp. 246.

Argued before JENKS, P. J., and BURR, THOMAS, WOOD-WARD, and RICH, JJ.

James E. Doherty, for appellant.

Walter Jeffreys Carlin, for respondent.

RICH, J. This appeal is from a judgment of the Special Term in favor of the plaintiff, in an action to compel the specific performance of an agreement for the sale and purchase of real property, or, if good title thereto cannot be given, for the recovery of the deposit paid by plaintiff, with attendant expenses.

The facts are not controverted. The premises were sold at auction; the terms of sale described the property as having its "easterly line running through a party wall." They also provide that the purchaser shall take the property subject to every state of facts that a survey would show. The posters announcing the sale give a diagram of the property to be sold, and show that its easterly line runs through a party wall. The plaintiff testified that the property was situate in his neighborhood, and that he knew it well; that he is a builder, and the construction of the party wall indicated to him that it was a party wall, and he supposed it so to be; that it was so announced by the auctioneer; that the map showed it to be a party wall; that it was sold subject to any state of facts that a survey would show; that the survey shows a party wall, and that he knew what a party wall was when he purchased the property; but that he did not know of the agreement under which such party wall was erected, and had no notice thereof.

The identical question now presented was considered by this court on a former appeal in this case. 127 App. Div. 265, 111 N. Y. Supp. 246. Upon the former trial the court at Special Term had held that the party wall was an incumbrance, and decided that in consequence thereof the plaintiff was not obliged to take the title. Mr. Justice Gaynor, writing for this court upon appeal, said:

"But this conclusion does not follow. The map and terms of sale informed the plaintiff of the party wall, and there can be no party wall without an agreement, and often, and indeed usually, party wall agreements run with the land and are perpetual incumbrances thereon. It was for the plaintiff to ascertain the nature of the party wall agreement before he made his contract of purchase."

Upon the retrial the plaintiff testified that he did not know the contents of the party wall agreement, and the learned trial justice has decided that the decision upon the former appeal is not controlling.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In this he is mistaken. The decision rested on the conclusion that, having knowledge of the fact that one boundary line of the property passed through the center of a party wall, it was his duty to ascertain the nature and provisions of the agreement under which said wall was built and maintained before he made his contract to purchase; in other words, it was his duty to obtain such information before he signed the contract of purchase, and, not having done so, his lack of knowledge on that subject cannot avail him.

The law of the case having been so declared, it follows that the judgment must be reversed, and a new trial granted; costs to abide the final award of costs. All concur.