FRED HELLER, Appellant, vs. MICHAEL F. McGUIN, Appellee.

*Opinion filed February 21, 1914.*

1. SPECIFIC PERFORMANCE—*when a contract and lease must be considered together.* Where the parties to a contract for the sale of land execute a lease for the purpose of putting the proposed vendee in possession until such time as the proposed vendor shall be able to perfect his title and make the conveyance, the contract and lease must be considered together in determining the rights of the parties.

2. SAME—*fact that vendor did not have title when contract was made does not defeat specific performance.* The fact that the vendor did not have anything but a tax title to the land at the time he contracted to convey a good merchantable title by a warranty deed and furnish proper evidence of title does not defeat his right to specific performance, where the vendee knew the facts when the contract was made and where the vendor had perfected his title at the time the bill was filed, which was within the time fixed by the contract for performance.

3. SAME—*court cannot arbitrarily refuse to specifically enforce contract.* While the remedy of specific performance is not strictly a matter of right, yet the court cannot arbitrarily refuse to grant relief where the facts and circumstances and the rules of equity would justify granting it.

APPEAL from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

WILLIAM S. CORBIN, for appellant.

EDMUND S. CUMMINGS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, Fred Heller, is the owner of lot 10, block 145, in Maywood, Cook county, Illinois, except a certain railroad right of way which crosses the same. On August 1, 1911, appellant and his wife entered into a contract with Michael F. McGuin, appellee, by the terms of which appellant and his wife agreed to sell, and appellee agreed to buy,

the above described lot for the agreed sum of $2500. By
the terms of the contract appellant and his wife agreed to
convey to appellee a good, merchantable title by warranty
deed, with release of dower and homestead rights, but sub-
ject to all taxes and assessments levied or becoming due
subsequent to 1910, and subject also to any party-wall
agreements or building or building-line restrictions of rec-
ord. The contract acknowledged receipt of the payment of
$25 by the appellee as earnest money, to be applied on the
purchase price when the sale was consummated. Appellee
agreed to pay the further sum of $2475 in five days after
the title had been examined and found good or accepted by
him, provided appellant delivered to him a good and suf-
ficient warranty deed conveying a good and merchantable
title. The contract further provided that "a certificate of
title issued by the registrar of titles of Cook county, or
complete merchantable abstract of title or merchantable copy
brought down to the date hereof, or merchantable title guar-
anty policy, shall be furnished by the vendor within the
time mentioned in lease of said lot 10 of even date here-
with between the parties hereto." The contract further pro-
vided that upon an abstract or copy being furnished, the
vendee should, within ten days after receipt of same, notify
the vendor or his agent of objections to the title, if any,
and if none, stating the abstract to be satisfactory; that if
material defects in the title be found and reported and the
same be not cured within sixty days from date of notice
the contract should at appellee's option become void and
the earnest money be returned, or appellee might elect to
take the property as it then was, upon giving notice to
the vendor of his intention so to do within ten days after
the expiration of the first sixty days. The contract fur-
ther provided: "Should purchaser fail to perform contract
promptly at time and manner herein specified, earnest money
shall, at option of vendor, be retained by vendor as liqui-
dated damages, and this contract shall thereupon become

and be null and void. Time is the essence of the contract
and all conditions thereof." On the same day, August 1,
1911, the parties entered into a lease of the premises for a
period of three years, with an option·on the part of ap-
pellee to renew said lease upon the same terms and condi-
tions and for the same length of time upon giving appellant
thirty days' notice, in writing, of his intention so to do.
The rent reserved was $25 monthly, in advance. The lease
provided that it should cease and determine at any time
after its·date, upon conveyance by appellant to appellee of
the premises leased in accordance with the contract of sale
of even date, it being understood and agreed that said con-
veyance should be made at any time during the period cov-
ered by the lease or an extension thereof, when appellant
was able to carry out the said contract of sale by giving to
appellee a certificate of title, merchantable abstract or copy,
or merchantable guaranty policy, in accordance with the
contract of sale. The lease further provided that in case
the contract of sale was consummated and conveyance made,
all rentals paid prior to the date of the conveyance should
apply on the purchase price, and in case the contract was
not consummated the lease should remain in effect for the
full period covered thereby.

On December 27, 1912, appellant filed a bill in the supe-
rior court of Cook county to compel the specific perform-
ance of the contract. The bill set out the contract between
appellant and appellee of date of August 1, 1911, and a
copy of the lease of same date was attached to and made a
part of the bill. The bill alleged that appellant had been in
possession of said lot 10 since November, 1904, had paid all
taxes on the same and had· constructed certain buildings
thereon; that he held the lot under a quit-claim deed from
Jacob Glos and wife made and recorded in December, 1904,
and a quit-claim deed from the village of Maywood made
in February, 1905, recorded in July, 1907, and that Glos
and the village had tax deeds to the lot from the county

clerk of Cook county; that prior to December 20, 1912, appellant acquired the fee simple title to the premises by conveyance from the owner of the record title; that on December 20, 1912, appellant tendered to appellee a title guaranty policy executed by the Chicago Title and Trust Company, guaranteeing appellee against defects in appellant's title to the property to the amount of $2500, also a general warranty deed executed and acknowledged by appellant and his wife, and served at the same time a written notice upon appellee demanding payment of $2110.53; that appellee had made monthly payments of rent under the lease amounting to $375, which, together with the $25 earnest money paid at the date of the contract, amounted to $400 as a credit of appellee, leaving $2100 due on the contract, to which were added $3.04 general taxes for the year 1911 and $7.49 special assessment which fell due subsequent to the year 1910 and which were paid by appellant, making a total of $2110.53, the amount claimed by appellant as due and owing under the terms of the contract on December 20, 1912, when the warranty deed and guaranty policy were tendered appellee; that appellee refused to make such payment or accept the deed or guaranty policy, but did not at that time raise any question as to the form or sufficiency of either the deed or guaranty policy, and that neither of said instruments was ever examined by appellee or his attorney until after the filing of the bill in this case, to which were attached copies of said instruments as exhibits. The answer of appellee denied all the material allegations of the bill. The cause was heard before the chancellor, and it is not denied that the proof fully sustained the bill. A decree was entered May 29, 1913, dismissing the bill for want of equity. To review said decree the record is brought to this court by appeal.

The grounds upon which the specific performance of the contract is resisted are, that the contract is lacking in mutuality; that appellant did not bind himself to procure a

merchantable title but only agreed to convey it when he did procure such title, and that as appellant was not the owner of the record title to the land at the time the contract was made, he could not, by afterwards acquiring title, enforce the performance of the agreement of appellee to buy.

The contract and lease must be considered together in construing and determining the rights of the parties. So considering and construing them, it appears that appellant desired to sell, and appellee desired to purchase, the property. Appellant was in possession of it, and had been for several years, under conveyances from the holders of tax titles but did not have the record title, which was known to the appellee, who was unwilling to accept and pay for the property until appellant could make him a good title. A lease was therefore agreed upon between the parties, by which appellee leased the premises for three years from August 1, 1911, at a certain rent reserved, and with the right to renew the lease for another three years. The contract of sale is an unconditional agreement of appellant to sell, and of appellee to buy, the property. Appellant bound himself to convey a good and merchantable title by warranty deed and to furnish appellee a certificate of title issued by the registrar of titles of Cook county, or a merchantable abstract of title or merchantable copy, or merchantable title guaranty policy, within the time fixed by the lease. By the lease appellant was given the period covered by it to make the conveyance, and when made the lease was to cease and determine and all sums paid as rent were to be applied on the purchase price. The contract was essentially one of a party obligating himself, within a certain time, to sell property he did not own at the time he made the contract, but the fact that at the time it was made appellant was not in a position to perform it is not conclusive that it was not capable of enforcement when he did, within the time fixed, become able to perform. In *Mason* v. *Caldwell,* 5 Gilm. 196, it was held a court of equity may enforce the specific

performance of a contract for the sale of land notwithstanding the vendor had no title to the land at the time the contract was made, if he can make good title at the time of the decree. This rule was quoted and adhered to in *Gibson* v. *Brown,* 214 Ill. 330. In that case the vendors did not own part of the land they agreed to convey, at the time they made the contract. They acquired the title to it before the expiration of the time within which they agreed to convey it, and the court held they were entitled to enforce the contract against the purchaser. The question was again before this court in *Cohen* v. *Segal,* 253 Ill. 34. The court cited *Mason* v. *Caldwell, supra, Gibson* v. *Brown, supra,* and *Maryland Construction Co.* v. *Kuper,* 90 Md. 540, (the latter a leading case on the subject,) and adhered to the law as announced in those cases. In the Maryland case it was said that when the vendor has acted in good faith, relief will be granted him if he is ready to furnish a clear title at the time of the decree, provided the delay has not prejudiced the purchaser. Here there was no change in the property nor in the circumstances of the parties which would make it any more inequitable to enforce performance of the contract at the time the performance was sought than at the time the contract was made. Appellant, well within the time agreed upon between him and appellee, was able, and offered, to perform the agreement by making the conveyance. The remedy by specific performance is not strictly a matter of right but is within sound judicial discretion. Courts may not, however, arbitrarily refuse to grant such relief under circumstances where the facts and the rules of equity justify it.

In our opinion the appellant was entitled to the relief prayed, and the decree of the superior court is reversed and the cause remanded, with directions to grant the prayer of the bill.     *Reversed and remanded, with directions.*