WILLIAM EDWARD VINCENT *et al.*, Plaintiffs-Appellees, v. DON A. VITS, Defendant-Appellant.

Fifth District   No. 5—89—0373 .

Opinion filed January 28, 1991.

Byers, Byers & Greenleaf, Ltd., of Decatur (Frank H. Byers, of counsel), for appellant.

Richard Schmitz, of Pana, for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:
Defendant/purchaser, Don A. Vits, appeals from an order of the circuit court of Christian County granting the petition for specific performance of the contract in question of plaintiffs/vendors, Wil-

liam Edward Vincent and Olive Vincent, and denying defendant's counterclaim for rescission. In this cause, defendant argues that specific performance is inappropriate because plaintiffs (1) have an adequate remedy at law, namely, money damages, and (2) failed to prove they were always ready, willing and able to perform. Defendant further argues that he is entitled to rescission. We affirm.

On April 15, 1982, the parties entered into an agreement for the sale and purchase of real estate. This agreement recited that the premises were subject to a mortgage obligation in favor of the Mutual Life Insurance Company of New York (hereinafter Mutual Life) in excess of the purchase price. Defendant was to make a down payment as well as semi-annual payments to be applied to reduce the mortgage. The final payment was due on or before April 15, 1987. Defendant's payments were to be by check payable jointly to plaintiffs and Mutual Life; plaintiffs would merely endorse the check and send it to Mutual Life. Defendant received possession of the land and, as stipulated, remained in possession through a tenant farmer.

Defendant failed to make payments due on January 1, 1986, July 1, 1986, January 1, 1987, and also failed to pay the remaining balance which was due on or before April 15, 1987. Defendant also failed to pay the real estate taxes for 1984, due and payable in 1985, for 1985, due and payable in 1986, and for 1986, due and payable in 1987, as required by the contract. As of April 15, 1987, plaintiffs had not paid the mortgage to Mutual Life.

On February 27, 1986, plaintiffs, pursuant to the contract, served notice of acceleration of all payments due under the contract. On April 28, 1986, plaintiffs filed their complaint seeking specific performance. Plaintiffs later paid the mortgage obligation, and Mutual Life released the mortgage lien on April 13, 1988. Plaintiffs served a second notice of acceleration on defendant on April 16, 1988, and filed their amended complaint seeking specific performance on October 11, 1988. On October 28, 1988, defendant filed his answers, affirmative defenses, and a counterclaim seeking rescission of the contract.

Defendant claims that plaintiffs breached the contract by not making mortgage payments in a timely manner. Defendant reasons that as the property was subject to the mortgage lien on April 15, 1987, rescission automatically occurred and he was under no obligation to pay the balance of the purchase price. Defendant also claims that as the premises were subject to the mortgage obligation, performance by plaintiffs was legally and practically impossible. This

impossibility also excused further performance by defendant.

It is important to note that pursuant to the contract, defendant remains in possession of the premises. He has neither tendered payment nor returned possession to plaintiffs. The circuit court believed that without such action by defendant, it was impossible to know whether plaintiffs could have performed pursuant to the contract. Plaintiffs claim that they could have delivered merchantable title free and clear of the mortgage obligation on the contract date.

Defendant's first issue on appeal is whether specific performance is appropriate since plaintiffs have an adequate remedy at law, namely, money damages. Defendant argues that because of the unique quality of real estate, a contract purchaser may be entitled to specific performance, but the appropriate legal remedy for breach of contract is money damages; therefore, a vendor is entitled only to money damages. Plaintiffs respond that where a contract is fairly and knowingly entered into, does not contain circumstances of fraud or oppression and involves only the sale and transfer of real estate, specific performance is allowable as a matter of right.

■ It is well settled that a vendor of real estate may seek specific performance of a contract to buy and sell real estate even though he only seeks money. (*Ruddock v. American Medical Association* (1953), 415 Ill. 53, 71, 112 N.E.2d 107, 112; *Burger v. Potter* (1863), 32 Ill. 66, 73; *Andrews v. Sullivan* (1845), 7 Ill. (2 Gilman) 327, 332, 43 A.D. 53 (pointing out the benefits of proceeding in equity and not law); 81 C.J.S. *Specific Performance* §§29, 33.) Certainly, plaintiffs here may seek specific performance even though they only seek the money owed under the contract.

■ Plaintiffs are correct that where a contract is fairly and understandably entered into, does not contain circumstances of fraud or oppression, and involves only the sale and transfer of real estate, specific performance is allowable as a matter of right. (*Smith v. Farmers' State Bank* (1945), 390 Ill. 374, 379, 61 N.E.2d 557, 560.) That right is not absolute, but rests within the sound discretion of the circuit court. (390 Ill. at 380, 61 N.E.2d at 560; *Heller v. McGuin* (1914), 261 Ill. 588, 593, 104 N.E. 158, 160; see also *Fitzpatrick v. Allied Contracting Co.* (1962), 24 Ill. 2d 448, 455, 182 N.E.2d 183, 187 (surrounding facts and circumstances of each case guide discretion); *Bliss v. Rhodes* (1978), 66 Ill. App. 3d 895, 900, 384 N.E.2d 512, 515.) As the decision rests within the sound discretion of the circuit court, this court will reverse only upon a showing of an abuse of that discretion.

■ As we stated in *Washington v. Illinois Power Co.* (1990), 200 Ill. App. 3d 939, 942, 558 N.E.2d 509, 511:

"Abuse of discretion means clearly against logic. (*Daiber* [*v. Montgomery County Mutual Fire Ins. Co.* (1989), 191 Ill. App. 3d 566, 568, 548 N.E.2d 17, 19].) The question is not whether the appellate court agrees with the circuit court, but whether the circuit court acted arbitrarily, without employing conscientious judgment, or whether in view of all of the circumstances, the court exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted. *In re Marriage of Aud* (1986), 142 Ill. App. 3d 320, 326, 491 N.E.2d 894, 898."

■ It appears from the record that the contract was fairly and understandably entered into. Neither party claims circumstances of fraud or oppression, and the contract involves only the sale and transfer of real estate. We cannot say that the circuit court acted arbitrarily, without employing conscientious judgment. In view of all of the circumstances, the circuit court did not exceed the bounds of reason or ignore recognized principles of law so that substantial prejudice resulted when it granted specific performance.

We do not believe that *Lakshman v. Vecchione* (1981), 102 Ill. App. 3d 629, 430 N.E.2d 199, cited by defendant, is controlling. While defendant argues that *Lakshman* stands for the proposition that specific performance is not available to a vendor in a real estate setting, *Lakshman* actually held that the trial court did not abuse its discretion in awarding money damages instead of granting specific performance.

■ Defendant's second issue on appeal is whether plaintiffs failed to prove they were ready, willing and able to perform on the contract date. Defendant specifically argues that the record demonstrates that plaintiffs could not timely perform their obligation as the land was subject to a mortgage lien. Plaintiffs respond that the testimony offered at trial indicated that plaintiffs were able to perform at all times. Defendant offered no testimony to controvert this.

At trial, plaintiffs explained that the mortgage covered a large tract of land, part of which was the land under contract with defendant. Plaintiffs further explained that defendant's checks were payable jointly to plaintiff and the mortgage company. Plaintiffs merely endorsed each and sent it to the mortgage company. Plaintiff William Edward Vincent was asked by his attorney:

"Q. If Mr. Vits had tendered to you on April 15, 1987 pay-

ment in full of what he owed you under the contract, would that have been enough to pay off the Mutual of New York mortgage?

A. No, it would not.

Q. Would there have been a necessity for you to either get a partial release or expend extra funds to pay off the mortgage?

A. Yes, that is correct.

\* \* \*

Q. Was the possibility of obtaining a partial release from Mutual of New York ever discussed if Vits' tract of land had been paid off?

A. Yes.

\* \* \*

Q. Okay, if Mr. Vits had paid off the portion of the contract he owed to you and assuming that for the sake of argument that Mutual of New York would not have given you a partial release, could you have on your own paid off that mortgage?

A. Yes.

\* \* \*

Q. Okay, did you have the funds available to you to pay off that mortgage?

A. I had some of my own and through my family I could have.

Q. In fact, have you paid off that mortgage on your own?

A. Yes, it has.

Q. And was that mortgage paid off through this same method you spoke of through funds of your own and through your family?

A. Yes, it was."

From the above, the trial court could reasonably infer that plaintiffs would have been able to perform had defendant tendered payment.

Defendant's final issue on appeal is whether the trial court erred in not granting rescission. Defendant specifically argues that the contract was materially frustrated by plaintiffs' conduct in that they failed to make mortgage payments. Plaintiffs respond that defendant's failure to tender either performance or the property eliminates any right to rescission.

■ One who desires to rescind a contract must show nonperformance or an inability to perform. (*Christopher v. West* (1951), 409 Ill. 131, 136, 98 N.E.2d 722, 725.) The circuit court found that

defendant's failure to pay made it impossible to determine whether plaintiffs were able to perform. Thus, defendant has failed to meet his *Christopher* burden. A right of rescission must be exercised promptly. (*Lipkin v. Burnstine* (1958), 18 Ill. App. 2d 509, 519, 152 N.E.2d 745, 750.) The circuit court did not act arbitrarily or without employing conscientious judgment. We cannot say that the circuit court abused its discretion in not granting rescission to defendant.

For the foregoing reasons, the order of the circuit court of Christian County is affirmed.

Affirmed.

RARICK, P.J., and CHAPMAN, J., concur.