John Burnett, Appellant, *v.* George W. Wadsworth, Respondent.

(Argued September 23, 1873; decided January term, 1874.)

This was an action of trespass.

Defendant claimed under a deed in which the lands conveyed were thus described: "All that certain tract or piece of land, it being the south half of lot　*　*　*　No. 50, in the township of Salem, bounded as follows: Beginning at the north-east corner of lot No. 49, at a stake and stones; and from thence runs east forty chains to a stake and stones; and from thence north eleven chains to a stake and stones; and from thence west forty chains to a stake and stones; and from thence south to the place of beginning, containing forty-four acres of land, all within the said boundaries, be the same more

or less." Plaintiff claimed title under a subsequent deed which conveyed "the north half of lot No. 50, in the town of Salem." The *locus in quo* was upon the north half of lot No. 50, but within the boundary lines of the deed under which defendant claimed. The north line of said lot was forty-three chains and seventy-six links in length; the south line forty-three chains forty-eight links; the east line twenty-one chains twenty links; the west line twenty chains forty links. The trial court charged the jury that plaintiff had the paper title to the land in dispute; that each party had the paper title to one-half the lot. This was excepted to. *Held*, error; that the particular description being an independent one, as if made upon a survey without reference to the lot lines, this was a case where the courses and distances as given might be relied on with much certainty as describing the lands intended to be conveyed.

As to the general rule, that where a general description is followed by a particular description the latter will control, the following authorities were cited: *Jackson* v. *Loomis* (18 J. R., 86); *Loomis* v. *Jackson* (19 id., 449); *Hathaway* v. *Power* (6 Hill, 453); *Roe* v. *Vernon* (5 East, 51); *Doe* v. *Galloway* (5 B. & Ad., 43).

*L. Fraser* for the appellant.

*James Gibson* for the respondent.

EARL, C., reads for affirmance.
All concur.
Order affirmed, and judgment absolute against plaintiff.