## PAUL F. O'NEIL, Respondent, *v.* EMORY M. VAN TASSEL, Appellant.

Defendant contracted to sell and convey to plaintiff, free from all incumbrances, certain premises in the city of New York upon which were buildings. The contract, after describing the premises, stated that the northerly wall was a party wall. The dimensions as given included the whole of the southerly wall. In an action to recover the purchase money paid down, it appeared that the southerly wall was also a party wall and that there was a perpetual covenant, running with the land, requiring the owner of defendant's premises to share equally with the adjoining owner the expenses of repairing or rebuilding the wall, and that whenever rebuilt it should be of the same size and of similar materials. It also appeared that an inspection of the premises would not disclose the existence of the southerly party wall. *Held*, that plaintiff was entitled to recover; that the terms of the agreement amounted to a stipulation that there was but one party wall; also that the covenant created a perpetual incumbrance; and that, therefore, defendant was unable to convey a title free of incumbrance.
*Hendricks* v. *Stark* (37 N. Y. 106), distinguished.

(Argued February 2, 1893; decided February 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 18, 1892, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to recover $500 paid by plaintiff on executing a contract for the purchase of land and $200 paid for examination of title and damages for defendant's failure to comply with the contract by conveying the premises free of incumbrances.

The facts, so far as material, are stated in the opinion.

*Wm. H. Arnoux* for appellant. The party wall on the southerly side of the premises in question, which was not mentioned in the contract, was not such an incumbrance as the grantor was bound to warrant against by the terms of his contract, and did not constitute a valid ground for refusing to take the title offered by the deed tendered (*Rogers* v. *Sinsheimer,* 50 N. Y. 648; *Parker* v. *Johnson,* 68 id. 66; *Evans* v. *Jones,* 23 Penn. St. 34; *Schile* v. *Brokahus,* 80 id. 614; *Richardson* v. *Tobey,* 121 Mass. 457; *Musgrave* v. *Sherwood,* 54 How. Pr. 338; *F. C. Co.* v. *Metzger,* 118 N. Y. 260.) If a party wall is an incumbrance in the legal meaning of that term, the existence of this party wall was not a violation of the covenant to give a title free from incumbrances, and the finding of the court that it was impossible to ascertain by inspection whether or not said wall was a party wall, and the plaintiff was ignorant of such fact, was erroneous both as matter of fact and as matter of law. (*Hendricks* v. *Stark,* 37 N. Y. 106; *Rogers* v. *Sinsheimer,* 50 id. 646; *Patterson* v. *Arthur,* 9 Watts. 152; *Long* v. *Warren,* 68 N. Y. 426.) By the deeds to his predecessors in the title, and this deed to him, Van Tassel became the owner of the alley to the center thereof in the rear of his lots. His boundary lines were to the alley, and thence along the alley. This gave him to the center. (*Bissell* v. *N. Y. C. R. R. Co.,* 23 N. Y. 61; *Sherman* v. *McKeon,* 38 id. 266; *Cox* v. *James,* 45 id. 557; *Terrett* v. *N. Y. L. Co.,* 49 id. 666; *Taylor* v. *Hopper,* 62 id. 649; *In re Ladue,* 118 id. 213; *Mott* v. *Mott,* 68 id. 253; *In re 111th Ave.,* 81 id. 446; *Bliss* v. *Johnson,* 73 id. 529; *K. C. F. I. Co.* v. *Stevens,* 87 id. 291; *Story* v. *E. R. R. Co.,* 90 id. 145; *Salisbury* v.

*Andrews*, 19 Pick. 250; *Osborne* v. *Wise*, 7 C. & P. 361; *Corning* v. *Gould*, 16 Wend. 530.) The true construction of the provision in relation to the right of way, is that the way and its use, and not the premises adjacent thereto, was subject to the expense thereof. ( *Wynkoop* v. *Berger*, 12 Johns. 222.) The right of way in the rear of the premises was not an incumbrance, imposed no burden upon the adjacent lots under the deed last tendered, and did not impair plaintiff's covenant to give a good title. (*Richardson* v. *Tobey*, 121 Mass. 457; *Haberman* v. *Baker*, 138 N. Y. 253.)

*Charles E. Miller*, for respondent. The difference in frontage between the description in the contract, 41 feet, and the actual dimensions, 39.2, was a substantial and material variance. (*Seibel* v. *Cohen*, 7 N. Y. S. R. 54; *Paine* v. *Upton*, 87 N. Y. 327; *King* v. *Knapp*, 59 id. 402; *Phillips* v. *Conklin*, 58 N. Y. 682.) The terms of the contract implied that the southerly wall of the building was an independent wall, and that the purchaser would get title to the whole of such wall. (*Stopes* v. *Johnson*, 57 N. Y. 673; *Mohr* v. *Parmelee*, 11 J. & S. 320.) The covenants running with the land in the southerly party wall agreement create a material variance from the contract. (*Bedell* v. *Kennedy*, 38 Hun, 510; *Blain* v. *Taylor*, 19 Abb. Pr. 228; *Allen* v. *Culver*, 3 Den. 284; *Denman* v. *Prince*, 40 Barb. 213; *Giles* v. *Duges*, 1 Den. 331.) The premises are subject to the bearing and paying a just and equitable proportion of the expense of maintaining an alley adjoining said premises in the rear and the taxes and assessments falling thereon. (*Denman* v. *Prince*, 40 Barb. 213.)

*Per Curiam.* The plaintiff has recovered the amount of a deposit made upon the purchase of real property with the expense incurred in the examination of the title, upon the ground of the inability of the defendant vendor to execute to the plaintiff a proper deed, conveying and assuring to him the fee simple of the premises, free from all incumbrances. The

defendant denies that his title is defective, or incumbered, and asks, by way of counterclaim, judgment for a specific performance, alleging all the material facts entitling him to such relief. The property, which was the subject of the sale, consisted of two houses and lots, Nos. 22 and 24 Renwick street, New York city. The plaintiff objected to the title (1) on account of a material discrepancy between the actual dimensions of the lots and the dimensions given in the contract; (2) because of the existence of a party wall with a perpetual covenant running with the land, which required the owner to share equally with the adjoining owner the expenses of repairing or rebuilding the wall, and that whenever rebuilt it should be on the same spot, of the same size, and of similar materials as it was on July 2, 1873; and (3) for the reason that the premises were charged ratably with other lots with the payment of the expenses of maintaining an alley for their common benefit, and of the taxes and assessments imposed thereon.

We deem it necessary only to consider the second objection, which relates to the existence of the party wall and its accompanying covenants. The agreement, after describing the lots, states: "The northerly wall of number twenty-four being a party wall." We think that this was equivalent to a representation that the southerly wall of number twenty-two was not a party wall. Such would be the ordinary understanding of the parties from the language employed in the connection in which it was used. It very clearly indicates that it was the subject of the negotiations of the parties, and that it was considered to be a material fact by them. The use of the phrase is entirely meaningless and superfluous, unless it is to be construed as a limitation of the existence of incumbrances of this character to a single party wall. The dimensions of the lots given also indicate what was in the minds of the parties in this respect. The forty-one feet frontage cannot be obtained, even approximately, without including the whole of the southerly wall. It is evident from the entire scope of the agreement that the vendor stipulated that there was only one party wall on the premises, and that was the

northerly wall of number twenty-four. This case is materially different from *Hendricks* v. *Stark* (37 N. Y. 106), upon which defendant relies. In that case there was no representation in the contract upon the subject; the dimensions of the lot included only the center of the walls; it was plainly discernible from an inspection of the premises that the outside walls were party walls; and, most important of all, the party wall agreement contained no covenant to rebuild or repair, and related solely to the existing wall so long as it might stand. In that case the court says: "There was nothing in the description of the premises in question, as the 'Collins Hotel,' which imported *ex vi termini* that the walls were of this or a different character." Here the statement that the northerly wall of one of the houses is a party wall by the force of the expression used very clearly signifies that the other walls are independent structures. It also appears that an inspection of the premises would not disclose the existence of the southerly party wall. But the chief point of distinction consists in the fact that there is here a covenant running with the land which compels the owner to rebuild and repair, and when rebuilt it must be on the same spot, of the same size, and of similar materials as when originally constructed. Such a covenant cannot be regarded in any other light than as a perpetual incumbrance, which in the case of urban property restricts its free use and enjoyment, and may seriously embarrass the owner in respect to its future improvement. If he desired to enlarge or rebuild, he might be compelled to build an entirely independent wall upon his own premises, and thus further reduce the available space of his own lot, and still be liable upon his continuing obligation to repair or rebuild the party wall.

The judgment and order must be affirmed, with costs.

All concur.

Judgment affirmed.