HATCH, J.
We agree that this judgment can not be supported upon the ground that this lane was a public way, as there is no proof which would warrant such a finding, and for the further reason that such question was eliminated by the concession made upon the trial that such question would not be relied upon. It may not, therefore, be now considered. We also agree that no right has been acquired by the plaintiff in the land by user alone, or by express grant, or by virtue of convenience or necessity; for when plaintiff acquired title there was no obstacle which prevented his reaching any part of his premises from the public highway which ran in front, and upon which he bounded. This brings-us to the only remaining question in the case, which is, did a right way arise by implication, as an appurtenant to the premises, under the grant made by Purdy to Patrick Fahey, through whom plaintiff makes title ? It may be observed that the question is somewhat close, and some authority exists warranting the claim that a right of way in the lane is not, in a technical sense, an-appurtenant to the premises conveyed. However this may be, we think the question is one that must be governed by the intent of the parties, to be extracted from the grant and its language, and the circumstances and conditions which existed at the time when the grant was made. It is undisputed that the lane was established by Purdy, as a private way for himself and certain of his grantors, upwards of fifty years ago, and that it has since been continuously-used by these and other persons prior to the time when the pres» *570 <ent plaintiff acquired, all the interest of Purdy and the other parties in interest, except the plaintiff, to the lands and the lane, and thus became the owner of both the dominant and servient tenements. When Fahey took his deed from Purdy, the lane was in existence, and was then being used in substantially the same manner as it had been before that time. Fahey received his deed from Purdy in 1889. The lane had then been open and used for upwards of thirty years. The conveyance was of Purdy’s homestead lot, and the lane had been used in connection with this property since its establishment. So far as important here, the description in this deed reads:
“Beginning at the northeasterly corner thereof, at the westerly line of a lane or right of way running southerly from the south•erly side of the street or avenue known as ‘ Central Avenue,’ and between the premises herein described and other lands, formerly ■of said Hart Purdy; thence running southerly from Central avenue along the westerly side of said lane or right of way.”
And thence, by different courses and distances given, it bounds the Jnnd, and returns to the point of starting. This description not only bounds the land upon the lane or way, but it locates with practical definiteness the way itself. Are this description and the circumstances sufficient to raise an implied right of use of this lane in connection with plaintiff’s premises? In Parsons v. Johnson, 68 FT. Y. 62, relied upon by the appellant, the way was laid out by tenants in common. One of the tenants subsequently mortgaged the land lying on the east of the way, “ with appurtenances.” The mortgage gave the western boundary of the premises on a line coincident with the east line of the way. The way was not mentioned or referred to in any manner, and it was not essential for access to the mortgaged premises. The court held that no easement passed in the way under the mortgage, or judgment of foreclosure thereunder; that the use of the word “ appurtenances” did not pass it; and that defendant, having become possessed of the dominant and servient tenements, had the right to close the way. It is at once seen that a radical difference exists between the grant in that case and the present one. There no reference was made to the way. Here the way is asserted as existing, it is practically located, and the boundary of the premises is thereon. This distinction is clearly pointed out in the discussion. Judge Earl, in distinguishing Huttemeier v. Albro, 18 N. Y. 48, said:
“ Here no mention was made in the Jones mortgage of the way. That case (18 N. Y. 48) was decided upon the well-settled rule that a reference to a way owned by the grantor, as a boundary, .gives a right of way therein. Smyles v. Hastings, 22 N. Y. 4l7; Waslib. Easem. marg. p. 170.”
In the Smyles Case, cited to sustain this doctrine, there was present the element of necessity. A map was made at the time the land was subdivided into lots, and these elements were considered in the disposition of the case. It cannot, therefore, be said to support the doctrine announced by Judge Earl in its fullest extent. The same criticism is, however, not true of the further authority of "Washburn on Ease- *571 merits. It is there fairly to be gathered from the text of the learned .author, and the authorities which he cites, that a reference in a deed to an existing way owned by the grantor, as a boundary line, carries in such way an easement in the sentence. This is clearly the rule of the Massachusetts authorities cited to sustain the text and subsequent decisions of that state sustain the doctrine to the fullest extent. In Insurance Co. v. Cousens, 127 Mass. 258, a mortgagor had laid out on his premises a private way running from one public street to another, ‘The mortgage made no reference to the way, but the premises bounded on its exterior lina Subsequently the mortgagor executed another mortgage to a third party, of other premises, including therein, by metes and bounds, the private way. The first mortgage was recorded before the second mortgage was given. It'was held that the purchaser acquired an easement in the private way, the ■court saying:
“The only question in this case is whether the plaintiff took by implication a right of way over the thirty-foot passageway, and we .are of opinion that it did. The rule is that, when a grantor conveys land bounded on a street or way over his other land, he and those claiming under him are estopped to deny the existence of such street or way.”
This case may carry the doctrine of implied grant beyond the rule laid down in the courts of this state. But it is authority for the rule announced in the Parsons Case, supra,—that a reference to an existing way in the grant carries with it an easement in the way in the grantee. We think the same question is decided in Huttemeier v. Albro, 18 N. Y. 4g. It is true that that case presented an element of necessity. But the reasoning of the court places the decision as well upon the description of the grant contained in the deed as upon an existing necessity, and applies the rule other grantees, where the necessity did not exist. Taken in connection with the enunciation of the court in the Parson Case, supra, we think it the intention of the court of appeals to lay down as a rule of law that where the grantor is the owner of a way then in use, in connection with the premises granted, and grants the land bounding therein, by reference to such way as a boundary in the grant, and the beneficial use of the land conveyed may require the use of the way, although not in the sense of being a necessity, an easement in such way passed under the grant, which neither the grantor n >r subsequent grantees of the premises can defeat. Newman v. Nellis, 97 N. Y. 285. In all of the cases where the question has arisen in this state, which have fallen under our observation, there has been present some condition beyond the boundary of the land onveyed by reference to the way. But the trend of authority seems to be that where the way exists, and the boundary is made thereon by reference to the existing way, such description indicates an intent that the way shall -remain open, as appurtenant to the premises conveyed. As we said by Judge Strong in Huttemeier v. Albro, supra :
“ If the alley was to be abandoned, and no longer exist, it would hardly be made a part of the description of the land, to aid *572 in identifying it, not merely at the time of giving the deed, but in the future.”
A like rule is adopted in Michigan. Smith v. Lock, 18 Mich. 56. This rule is in harmony with that laid down by Mr. Justice Story in U. S. v. Appleton, 1 Sumn. 492, Fed. Cas. No. 14,463,— that every grant of a thing necessarily imparts a grant of it as it actually exists, unless it he otherwise provided. And this rule was adopted by the court of appeals in Holloway v. Southmayd, 139 N. Y. 390-407; 34 N. E 1047, 1052, the court adding:
“It is the better .rule to hold that, to exclude a grantee from the perpetual beneficial use of the open way in front of the premises granted to him, the language of the deed should clearly express such an intention.”
If we are correct, it follows that the judgment should be affirmed, with costs.
All concur.