## SCHAEFER v. BLUMENTHAL.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

VENDOR AND PURCHASER—CONTRACT OF SALE—DEEDS—CONSTRUCTION—PARTY WALLS.

Defendant's original grantor purchased land and erected house No. 1 thereon at the intersection of an avenue and street, and adjoining houses, Nos. 2 and 3, respectively, to the north on the avenue. He conveyed lot 1, describing it by metes and bounds, and its northerly boundary as running through the center of a party wall 84 feet; and then conveyed lot 2, describing it by metes and bounds, stating its southerly boundary to run 84 feet from the avenue parallel with the street, but made no mention of the party wall. The grantee of lot 2 conveyed it to defendant by the same description, who agreed to sell the house and lot to plaintiff unconditionally. *Held*, that plaintiff was entitled to a house with walls standing entirely on the lot, and hence was entitled to refuse a deed showing the northerly side of the wall of the house was for a part of the length of the lot from 1 to 2½ inches from the southerly line of the lot as described by metes and bounds, since, such description being certain and unambiguous, the party walls would not be taken as monuments, or the recitation in the deed that the line ran through a party wall held conclusive.

Appeal from trial term, New York county.

Action by George Schaefer against Abraham Blumenthal. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, INGRAHAM, and HATCH, JJ.

Gibson Putzel, for appellant.

Michael C. Gross, for respondent.

HATCH, J. The plaintiff brings this action to recover money paid upon a contract for the purchase of a house and lot situated upon Lenox avenue, near the corner of 133d street, in the city of New York. It appears that the subject of the contract was one of three houses erected by Hollister and Friedland upon a vacant lot of land which Hollister had acquired by grant from one Hirsch. One of the houses stood upon the corner of Lenox avenue and 133d street; the other two stood immediately to the north upon the avenue. For convenience in designation, these houses may be numbered 1, 2, and 3,—the first, the corner house; the second, the center one; and the third, the northerly one. Houses No. 1 and No. 2 are separated by a party wall, which for a distance of 27 feet and 6 inches, as the court has found, stands wholly upon lot No. 1, with an intervening space between the wall and the line of lot No. 2 varying from 1 inch to $2\frac{3}{4}$ inches. After the completion of the houses, Hollister conveyed house No. 3 and the lot upon which it stands by a conveyance which describes its southerly boundary as running 84 feet parallel with 133d street, "and part of the way through the center of a party wall." Hollister next conveyed lot No. 1, describing the same by metes and bounds, and its northerly boundary as running "through the center of a party wall eighty-four feet to the east side of Lenox avenue." He next conveyed house and lot No. 2,—the one in question in this action,—describing it by metes and bounds; but in this description the southerly boundary is given as 84 feet. No mention is made of its being through the center of a party wall, although it is stated in the description, "Both of the walls of the building erected on said premises being party walls." The grantee of house No. 2 conveyed the premises to the defendant by the same description. On the 7th day of May, 1896, the parties to this action entered into an agreement of purchase and sale of the house and lot No. 2. No mention was made in the contract of the walls of the house, or of the fact that they were party walls. Subsequently, pursuant to the contract, the defendant tendered to the plaintiff a deed of the premises, which the latter refused to accept, basing his refusal upon the ground that the title as tendered was defective and unmarketable. The plaintiff thereupon demanded repayment of the money which he had paid upon the contract, and, this being refused, brought this action.

The point of the controversy consists in the fact that the southerly wall of the building, the subject of the contract, for its entire length does not stand upon the premises to be conveyed; for 27 feet and 6 inches the wall stands wholly upon the adjoining lot. It is probably true, although the wall stands for this distance upon the adjoining property, that it must bear the servitude of support for the defendant's house, and that he has an easement therein, even though

there is an intervening space between the wall and his lot line. Rogers v. Sinsheimer, 50 N. Y. 646. In the present case the title descends from a common grantor, and the servitude was continuous and apparent. These considerations were found sufficient in the case we have cited upon which to base the easement of support in the wall so long as the building and wall should endure. With the destruction of the wall perishes the easement, and the property reverts to the primary condition of ownership. Heartt v. Kruger, 121 N. Y. 386, 24 N. E. 841, 9 L. R. A. 135. The right or easement, however, does not answer to confer upon the plaintiff the title to which his contract of purchase entitled him. As he contracted to purchase a lot with a house upon it, he was entitled to receive a conveyance which gave to him a house with walls standing upon the lot conveyed. The contract made no mention of a party wall, and in no particular did it create any exception, or limit in any respect the obligation to give perfect title to the lot, the house, and its walls. This was the conclusion reached by this court in Spero v. Shultz, 14 App. Div. 423, 43 N. Y. Supp. 1016, and such conclusion was affirmed in the court of appeals, 160 N. Y. 660, 55 N. E. 1101. No other case which has been called to our attention in any wise changes or modifies this view. There was nothing in the conditions which charged the defendant with notice of the defect. The mere inspection of the wall would not necessarily disclose that the whole of the wall for the distance mentioned stood upon the adjoining lot. And, if it had, it was still competent for the parties to contract for a house standing entirely upon the lot conveyed; and, as this is the effect of the contract executed by the parties, such contract must furnish the measure of their rights and liabilities.

It is suggested that, as the deeds from the grantor of lots No. 1 and No. 3 designate the line as running through the center of the party wall, such wall is to be regarded as a monument, and therefore controlling of the line of division between the properties. As to the conveyance of lot No. 3, such rule could in no way be made applicable to the entire line, as it states that the line only runs through the center of the party wall a part of the way. It is a familiar rule that fixed monuments, certain in character, may, in a given case, control courses and distances. But this rule only obtains when it is necessary to correct mistakes, and determine the particular land conveyed; and, as the monuments are usually certain, they ordinarily govern. Davis v. Rainsford, 17 Mass. 207. This rule of construction is invoked in order to give effect to the intention of the parties, and it does not obtain when the description by metes and bounds is definite and certain, and clearly indicates the land intended to be conveyed. Burnett v. Wadsworth, 57 N. Y. 634. When the land intended to be conveyed may be located with certainty, any addition of false or mistaken particulars may be rejected. Hathaway v. Power, 6 Hill, 453; Robinson v. Kime, 70 N. Y. 147. While a general description of land will generally carry with it as a part of the grant all things appurtenant to the property conveyed, yet where the conveyance is by metes and bounds no land except such as is embraced therein is conveyed. Parsons v. Johnson, 68 N. Y. 62. As

to the conveyance of easements the general rule is that, where reference is made, as by bounding upon a way, or designating a particular thing, if the easement is one of necessity, it will always pass; if of convenience merely, it will usually pass if of value to the estate granted, and may fairly be comprehended within the terms of the grant, or implied by acts of the parties. Ranscht v. Wright, 9 App. Div. 108, 41 N. Y. Supp. 108, affirmed on appeal, 162 N. Y. ——, 57 N. E. ——; 2 Washb. Real Prop. p. 301 et seq. Making application of these rules, it is quite evident in this case that the description of the land conveyed is absolute and certain. The courses and distances specified are in no wise ambiguous, are not the subject of dispute, and embrace within the boundaries all of the land intended to be conveyed. If the line is made to run through the party wall, then it deviated from the straight line, and embraces more land than is inclosed within the specified boundaries. There can be little doubt as to what the parties intended; and merely saying that it runs through the center of a party wall, when it cannot be made so to do except by a varying and wavering line, ought not to control where the straight line corresponds with all the descriptions contained in all the deeds dividing this particular plot of ground. There was nothing to show that the wall was intended to be established as a monument, while the rule which governs the rights and liabilities of the respective owners excludes such construction. There is no covenant that the party wall shall remain upon the land, and there is no agreement between the parties fixing their rights and liabilities therein. It does not, therefore, constitute an incumbrance upon the land, nor does the right to have it remain continue as a covenant running with it. O'Neil v. Van Tassel, 137 N. Y. 297, 33 N. E. 314. When a party wall ceases to exist, the title to the property upon which the same stands is freed of the easement, and is restored to its primal condition. Sherred v. Cisco, 4 Sandf. 480; Heartt v. Kruger, supra. Concededly, the defendant has no title to the land upon which the wall stands, or the intervening space between it and his land. The description contained in his deed is fixed and certain, and it controls his right. The deed of the owner of lot No. 1 is also fixed by metes and bounds, and the plot intended to be conveyed is certain; but if the course be changed to run through the center of the wall, then upon its destruction the defendant or his grantee would take the intervening space between his line and the center of the party wall, for, if this line controls, then he will take because he has title, and his property right would attach upon the removal of the wall. We do not think that the recital in the deed that the line was through the center of the party wall is controlling of the otherwise fixed boundary, and it may, therefore, be rejected as constituting a boundary. As the description is certain by the metes and bounds, and the land intended to be conveyed is certainly known, and is embraced therein, it should control. This leads us to the conclusion that the plaintiff was entitled to recover the money paid.

The judgment should therefore be affirmed, with costs. All concur.