(32 Misc. Rep. 544.)

### LADUE v. COOPER.

(Supreme Court, Special Term, Jefferson County. October, 1900.)

1. COVENANTS—EASEMENTS—KNOWLEDGE OF COVENANTEE.
   - That the grantee had knowledge of an easement created by a lane partly on the premises conveyed does not relieve the grantor from a warranty broad enough to cover the easement.
2. SAME.
   The owner of two adjoining lots first conveyed one of them, reserving the right to enjoy in common with the grantee a lane lying on the line between the two lots, and partly on each. He afterwards conveyed the other lot; the description referring to the lane, and making its center line one of the boundaries of the lot last conveyed. Though the lane was not a necessity for the full enjoyment of the premises, the grantor and the grantees of each lot for many years used the lane, and neither objected thereto. *Held*, that the grantee of the lot last sold could not insist on having the lane kept open.
3. SAME—ESTOPPEL TO ASSERT BREACH.
   Where the grantee of land burdened by the easement of a lane partly on it, who has a right under her deed to insist on its maintenance, elects to treat the lane as a benefit, and she and her heirs so treat it for 30 years, and exercise the easement created by the lane on the adjoining land, and acquiesce in the exercise by the adjoining owners of like rights over her land, she and her heirs are estopped to set up against her grantor a breach of a covenant against incumbrances.
4. SAME.
   Where a subsequent grantee of the land for several years elected to treat the lane as an established right and as a benefit, and his right and that of the adjoining owner to have the lane maintained were established by a judgment in which he acquiesced, and of which he accepted the benefit, he is estopped to set up such breach.

5. SAME—EVICTION—LIMITATIONS.

The assertion and exercise of an easement created by a lane partly on each of two adjoining lots by one adjoining owner is a sufficient eviction to entitle the other to sue for a breach of a covenant against incumbrances, and hence to start the running of limitations against an action for such breach.

Action by Alexander Ladue against Lois P. Cooper, as executrix, etc. Judgment for defendant.

Henry Purcell, for plaintiff.
Walts & Pitcher, for defendant.

HISCOCK, J. On April 1, 1850, defendant's testator, being the owner of two adjoining houses and lots on Main street, in Watertown, and which are the premises giving rise to this litigation, conveyed to one John Hickey the westerly house and lot, by a description reading as follows:

"All that certain piece or parcel of land * * * beginning on the margin of the road at the center of the lane, and running northeasterly, parallel with the lane between William Smith and the party of the first part, * * * fifteen rods; thence northwesterly, at right angles with the first line, three rods, to the board fence; thence southwesterly, parallel with the first line, fifteen rods, to the margin of the aforesaid mentioned road; thence south, * * * along the margin of said road, three rods, to the place of beginning. * * * The party of the first part hereby reserving and excepting the right to use and enjoy in common with the party of the second part the one half of the aforesaid lane (which is contained in the above survey) for the purpose of ingress and egress, to himself and those owning or occupying the adjoining house and lot; the parties of the first part granting to the party of the second part and his representatives the right to use and enjoy the other half of said lane as a common right of way for the purpose of ingress and egress, but not extending further back than the front of the barn, as it now stands."

At the time said conveyance was executed the lane was in existence which now gives rise to this controversy. It was laid one-half upon the premises which Cooper then conveyed, and one-half upon those which he retained. It led back about 100 feet to a double barn, which stood one-half upon the premises conveyed, and one-half upon the premises retained by Cooper. After the conveyance in question Hickey and Cooper, or their respective tenants, used the lane as provided in this deed. Thereafter, and on or about April 7, 1858, and while the lane was in existence and being used as aforesaid, Cooper conveyed by warranty deed to one Farley the easterly house and lot (being the premises now owned by plaintiff), describing the same as follows:

"All that tract or parcel of land * * * lying on the north side of the road leading from Williamstown to Juelville, beginning on the margin of said road at the southwest corner of the house lot formerly owned by William Smith, running northerly, 77½ deg. west, 75 links, along the margin of said road, to the east line of the lot now owned by John Hickey in the center of the lane; thence running northeasterly, along the easterly line of said Hickey's lot, 15 rods; thence easterly, at right angles with the last line, 75 links, to the land formerly owned by said Smith; thence south, 14 deg. W., along the line of said Smith lot, 15 rods, to the place of beginning,—containing 45 rods of land, be the same more or less, with the appurtenances, and all the estate, title, and interest therein of the said parties of the first part."

Said Farley and her heirs at law (she having died intestate) continued in the occupancy of said premises until March 23, 1892, when the latter conveyed the same, by the description above stated, to the plaintiff herein. The lane continued to be used by Hickey and by Mrs. Farley and her heirs during all of the time down to said conveyance. It was originally fenced, but at some time the fence was taken away or fell down; and in June, 1878, the barn which stood at the end of the lane was burned, and has not been rebuilt. After the conveyance to plaintiff the parties owning the two pieces of land in question continued still to use the lane down to July, 1898, at which time plaintiff undertook to build a fence on the line between the two lots in the middle of the lane. Upon this the heirs of Hickey, who had died, brought an action to restrain him from so doing; and which action resulted in findings and judgment of the court to the effect that a right of way existed on the line between the said lots for the benefit of both parties as created by the deed from Cooper to Hickey, that Hickey's heirs had a right of way over plaintiff's premises for the purposes of said lane, and that plaintiff had a right of way over the Hickey lot for the purposes thereof. Plaintiff had given defendant notice of this action by the Hickey heirs, calling upon her to defend the same, and now in this action seeks to recover the costs which were adjudged against him in that action, his expenses therein, and also for the damages which he claims to have sustained through the right of the adjacent owners to have this lane lying in part upon his premises. He bases his action entirely upon the covenant of warranty contained in the deed from Cooper to his predecessor in title, Alice Farley.

If it be assumed, as broadly as claimed by defendant, that Mrs. Farley at the time she took her deed from Cooper had notice and knowledge of the existence of this lane, and of the easement thereby created upon and against the premises of which she was acquiring the title and possession, it still would not be a defense to this action upon the covenant of warranty contained in her deed for the breach created by such easement, as urged by defendant. The deed to her in no way exempted her grantor from liability upon his covenant against the lane. His covenant was broad enough to cover it, and to protect the grantee against the same. The reasoning and authority of the case of Huyck v. Andrews, 113 N. Y. 81, 20 N. E. 581, so well and clearly settle that under such circumstances the grantor cannot escape liability by showing that his grantee had knowledge of the defect in or incumbrance upon the title that it is not necessary or desirable to discuss the question at further length.

While it is thus true that Mrs. Farley had a right to treat this lane and the easement which it constituted as a defect in her title and a source of damage, and hold her grantor upon his covenant, another course was open to her. If she regarded the lane as a benefit rather than an injury to her premises, she undoubtedly had the right, under her deed from Cooper, to insist upon its maintenance. Where a grantor of land is the owner of a right of way then in use in connection with the premises granted, and grants land bounded upon the right of way, and user of the lane is not expressly granted,

67 N.Y.S.—21

the question of whether the right of way is passed by implication as an appurtenance to the premises is one that must be decided by the intent of the parties, to be extracted from the grant and its language, and the circumstances and conditions that existed at the time when the grant was made. Ranscht v. Wright, 9 App. Div. 108, 41 N. Y. Supp. 108. In this case we have the facts that Mrs. Farley's grantor, in conveying the premises adjoining those now owned by plaintiff, expressly provided for the existence and continuance of this lane, and for its use by himself and those who might occupy the premises now owned by plaintiff, and that such a lane had, as a matter of fact, been continuously used by the occupants of these two adjoining lots for many years when Mrs. Farley took her conveyance. While such lane was not, perhaps, an absolute necessity for the full enjoyment of the premises purchased by Mrs. Farley, still its use was beneficial, and an advantage in their enjoyment. The conveyance to Mrs. Farley expressly referred to this lane as one of the boundaries in the description of the premises conveyed to her. The description in effect makes the center line of such lane one of the boundaries of the lot conveyed to her. One of the courses in the description runs to the east line of the lot then owned by the other grantee, Hickey, which is described as being in the center of the lane; and the description thence runs along such easterly line of said Hickey (so described as being the center of the lane) for a certain distance, etc. It seems to me that this description and the circumstances surrounding the execution of the conveyance were sufficient to raise an implied right of way of the lane by Mrs. Farley in connection with the premises granted to her, under the authority of the case of Ranscht v. Wright, cited supra, and that she would have had the right, as against her grantor (and under his reservation, as against the owner of the adjoining premises), to insist upon the maintenance and continuance of this lane as an appurtenance to the premises granted to her. I think she would have been able to establish this right if her grantor had contested it. Certainly she had strong reasons for claiming the right to use that lane, which would ripen into an established privilege if neither Cooper, her grantor, nor Hickey, the owner of the adjoining premises, objected thereto, and neither of them did. Therefore, we have Mrs. Farley, at the time when she received her conveyance from Cooper, with two diametrically opposed ways open to her. She might treat the lane as a detriment, and, when the proper occasion arose, sue her grantor upon his covenant of warranty for breach, and recover damages, or she might treat it as a benefit and an advantage to her premises, and, under all of the circumstances which attended and preceded her conveyance, and by virtue of the reference in such conveyance to the lane, insist that she had acquired a right to its existence and maintenance as an appurtenance to her premises, and insist upon the enjoyment thereof, which claim, as above stated, would certainly ripen into a right if no one else interested in the question objected thereto. She chose the latter course. From the time of her conveyance in 1858 down to 1892, when the conveyance was made to plaintiff, she and her heirs, by their acts, used and enjoyed this lane just as much as the owners and

occupants of the adjoining premises did. She and her heirs insisted upon continuing and exercising the easement which this lane created, to half its extent, over the Hickey land, and, upon the other hand, acquiesced in the exercise by the owners and occupants of the latter piece of like rights over her land. In my judgment, by taking this course she and her heirs, prior to the conveyance to plaintiff, became estopped from then turning around and insisting that the lane was a source of damage for which the original grantor, Cooper, should be liable under his covenant of warranty. If this is so, her estoppel would be a bar to this action by plaintiff, who claims through her. But, in addition to her course, plaintiff, for several years after he acquired title to the premises, took the same view which had been entertained by his grantor. He elected to treat the lane as an established right, and as a benefit to his premises, to be used in connection therewith. And finally this long-continued conduct on the part of him and his grantors, extending through a period of 40 years, has led up to and resulted in a judgment between him and the successors in title of Hickey establishing the right of each to have this lane maintained, lying one-half upon the premises of one, and one-half upon the premises of the other; and plaintiff, so far as appears, has acquiesced in and taken the benefit of this judgment. It comes about, therefore, that plaintiff, as a compensation for the easement which is created upon his lands by half of the lane, has secured a similar right upon the premises of his neighbor. If, in addition to that, he should now be allowed to recover damages against defendant, it would result in his securing double compensation for the use of his land, and from doing which I believe he is estopped both by the conduct of his grantors and by that of himself.

In my opinion, any cause of action plaintiff might otherwise have had is barred by the statute of limitations, and defendant is entitled to succeed upon that defense, also. The covenant of warranty upon which plaintiff relies was made in 1858. For more than 40 years the easement of which he complains has been outstanding against the title covered by such covenant of warranty, and has been constantly used and enjoyed by those entitled thereto, as against the premises owned by plaintiff. An attempt is made to avoid the conclusion that the statute of limitations has run against plaintiff's cause of action by arguing that an action cannot be maintained upon a covenant of warranty until there has been an eviction, actual or constructive; that actual eviction takes place when the grantee is dispossessed by process of law, and a constructive eviction when a party yields possession to a title which is actually paramount; that neither actual nor constructive eviction occurs while the covenantee continues in possession; that in this case there was no eviction until recovery of the judgment instituted in the action by the owners of the adjoining premises against plaintiff in 1898. The question of what constitutes an eviction and a dispossession from his premises of the covenantee must be determined somewhat by the nature of the paramount right or title which is claimed against him. If the latter consisted in an alleged, absolute, and unqualified ownership

of a portion of the premises covered by a covenant of warranty, there would doubtless be required an absolute and unqualified dispossession of the covenantee from such premises, in order to constitute such an eviction as would amount to a breach of covenant. The assertion and exercise of an easement such as is involved here would, however, never naturally result in an entire and absolute exclusion of the covenantee from the possession and enjoyment of the premises covered thereby. He would always be entitled to the possession, use, and enjoyment of his premises, subject to the right of the person holding the easement by paramount title to go upon and over the same as the proper and ordinary exercise of the easement might require and permit. In the nature of things, the dispossession and eviction of the covenantee would only be a partial and qualified one. That has taken place in this case. The people entitled to the easement over plaintiff's premises have constantly and continually and habitually exercised and enjoyed it for over 40 years, and, so far as was necessary to such exercise and enjoyment, they have infringed upon and impaired the full possession and enjoyment by plaintiff and his predecessors of the lands covered by the right of way. During all of that period they have exercised and asserted all the rights which they properly could in derogation of the title succeeded to and held by plaintiff. There has been all of the breach of covenant of warranty which there could be under the easement which is complained of. Both reasoning and authority sustain the proposition that such an exercise of an easement as has existed in this case from 1858 down constitutes a breach of the covenant of warranty, and that the right of action upon the covenant accrued at said date. Rea v. Minkler, 5 Lans. 196. In this respect the same principles apply in the case of a breach of covenant of warranty as would apply in the case of a breach of covenants for quiet enjoyment. And in the case of the latter covenants it has been held that the exercise of such rights as the evidence in this shows to have been established is sufficient to constitute a breach of covenant and furnish a cause of action. Scriver v. Smith, 100 N. Y. 471, 3 N. E. 675; Shattuck v. Lamb, 65 N. Y. 499–510. Judgment is ordered for the defendant, with costs.

Judgment for defendant, with costs.