(40 Misc. Rep. 218.)

### FINCK v. BAUER.

(Supreme Court, Appellate Term. March, 1903.)

1. DEED—PARTY-WALL AGREEMENT—INCUMBRANCE.

Adjoining landowners entered into an agreement by which one who had no easterly wall to his house, but only a right to support its beams in the walls of the adjoining house, would, on the destruction of the latter wall by fire, join with the other owner in constructing a party wall at their joint expense, one-half on the land of each. *Held* a covenant running with the land, and an incumbrance on each lot.

2. BROKER—RIGHT TO COMMISSION.

Where the owner of a house employs a broker to procure a loan, agreeing to furnish a title clear of all incumbrances, and the broker procures a person willing to make the loan, he has earned his commission if the owner fails to furnish a title free from incumbrances.

3. PAROL EVIDENCE.

Parol evidence is inadmissible to contradict a sealed instrument.

---

¶ 2. See Brokers, vol. 8, Cent. Dig. §§ 78, 92.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by John Finck against John Bauer. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

William R. Bronk, for appellant.

George M. S. Schulz, for respondent.

FREEDMAN, P. J. There is no dispute as to the material facts in this case. The action was brought by the plaintiff to recover the sum of $100 as commissions for procuring a loan of $5,000 upon premises owned by the defendant. The contract between the parties was in writing, under seal, and by its terms the defendant employed the plaintiff as his broker to procure a loan of the amount above stated; agreeing to pay 2 per cent. therefor, and also for drawing bond and mortgage, etc. The contract contained this clause: "It is further understood that I am to furnish a title, in fee simple, free and clear from all incumbrances and one that will be satisfactory to the attorneys of John Finck." The plaintiff procured the acceptance of the required loan by one Fitch, who was able, ready, and willing to make the same, and to take the bond and mortgage. Upon examination of the title, it was discovered that the building standing upon the premises had no easterly wall, and that defendant had only a right to use the wall of the building adjoining as a support for the beams of his house. The right was evidenced by two written sealed instruments, duly acknowledged and recorded. The first of these instruments provided that:

"Whenever said wall shall cease to exist the said parties hereto mutually agree that they will then build a party wall at their joint expense, one-half of such wall to stand on the ground of each party, each of said parties to stand one-half of the expense of building such wall, but this clause shall not be binding upon either party in case he shall sell his said property before said wall is destroyed."

The second and subsequent agreement contained this clause:

"That upon the destruction of said wall by fire, or if by lapse of time the same shall become unsafe and unfit for use to support the beams therein inserted, the parties to this agreement, or those claiming under them, shall proceed to build a party-wall, one-half thereof to stand on the land of each party and at joint expense, and the said agreement and this amendment thereto shall bind said parties, their heirs and assigns."

This agreement was executed by Richard G. L. Dieffenbach and John Sexton, then the owners of adjoining lots, and the defendant's wife acquired title to the premises in question from Sexton. Nothing was said, in the agreement by the defendant with the plaintiff, relative to the walls of the house nor the beam right; the materials, size, and use of the building, and size of the lot, only, being given.

The only question to be determined in this case is whether or not this agreement made by the defendant's grantor was an incumbrance on the premises. If so, the defendant failed to furnish to the plaintiff a title "free from incumbrances," the plaintiff earned his commissions,

and was entitled to judgment herein. In support of the proposition that a party wall is not an incumbrance, the respondent cites Hendricks v. Stark, 37 N. Y. 106, 93 Am. Dec. 549, and Mohr v. Parmelee,. 43 N. Y. Super. Ct. 320. These cases are similar in application, and are distinguished in O'Neil v. Van Tassel, 137 N. Y. 297, 33 N. E. 314, cited in Schaefer v. Blumenthal, 169 N. Y. 221, 62 N. E. 175, reversing the same case in 51 App. Div. 517, 64 N. Y. Supp. 687. In O'Neil v. Van Tassel, supra, it was held that a party wall, existing by virtue of a perpetual covenant running with the land, was an incumbrance. The condition of the beam right held by the defendant's grantor obligated his heirs and assigns, if at any time the wall upon the adjoining premises should be destroyed by fire, or by lapse of time the same should become unsafe or unfit to support the beams, the parties to the agreement, or "those claiming under them," should build a party wall one-half thereof on the lands of each party, and at joint expense. This contract placed a burden upon the land of the defendant. He was obliged to, and might be called upon at any time to, devote a certain portion of his premises upon which to build a party wall. It was a covenant running with the land, and hence an incumbrance. 137 N. Y., 33 N. E., supra. The defendant was allowed to prove upon the trial, over objection by the plaintiff and exception taken to the ruling of the court, that, when the defendant called upon the plaintiff's representative to sign the contract for the loan, he informed said representative of the existence of the beam right. This was denied by the agent of the plaintiff, but the court below evidently believed the testimony, for upon no other testimony could he have based his decision dismissing the complaint. The admission of this testimony was clearly error. It was testimony tending to contradict the terms of a written instrument, and the rule regarding such testimony is too well known to require citation of authority in its support. Under the undisputed evidence in the case, the plaintiff was entitled to judgment. Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event. All concur.