In the Matter of Acquiring Title to ATLANTIC AVENUE from Brooklyn Borough Line to Van Wyck Avenue, as Amended, in the Borough of Queens, City of New York.

Supreme Court, Queens County, March 15, 1926.

Eminent domain — damages — application to confirm report of commissioners of estimate and assessment made upon lands containing railroad switch, affording shipping connection to factory thereon — evidence shows damage parcels, during continuance of railroad siding, were burdened by easements by prescription for public passage — award of nominal damages proper — sale of entire fee untaken left in original claimant no property which could be served by parcels acquired by city of New York — commissioners properly received evidence of value of damage parcels after sale — value of siding merely nominal.

In condemnation proceedings to determine damages for the acquisition by the city of New York of a strip of land, which, at the institution of the proceeding, contained a railroad switch running diagonally over two of the parcels to a

Misc. 316]                    Supreme Court, March, 1926.

factory on the fee land, affording a direct railroad shipping connection thereon, an award of nominal damages was properly made where the evidence showed that the damage parcels during the continuance of the siding were burdened by easements by prescription for public passage so that, in legal contemplation, the switch was an encroachment on a highway which the city of New York could have ordered removed at any time.

The sale of the entire untaken fee for real estate development, six years after the tentatively estimated award for damages was made, left in the original claimant no property which could in any wise be served by the parcels acquired, and consequently no claim for damage survived.

The commissioners of estimate and assessment properly received further testimony of the value of the damage parcels after the sale of the untaken fee for real estate development, where the entire testimony was given over to consideration of the change to residential availability prior to the taking of the parcel on which the factory was located. Moreover, the award as made was proper, in the absence of any testimony showing factory operation up to the time of the taking of the parcel on which it was located, particularly where if the property had become too valuable for factory use, the right to the siding was but of nominal value; there was no consequential damage in the acquisition of the parcel upon which the useless and unused rails of the siding lay, since the taking would hasten the realization of the better value of the residential development.

MOTION to confirm the report of commissioners of estimate and assessment.

*George P. Nicholson, Corporation Counsel [Millard F. Kuh, Assistant Corporation Counsel, of counsel], for the City of New York.*

*Frederick S. Rauber [Frederick J. Flynn of counsel], for the claimant Kaesche.*

HAGARTY, J. The proceeding extended over a period of many years and a great deal of testimony was taken. The delay in deciding this motion is due in part to the fact that the record submitted was not complete. Many of the pages of the testimony were missing but have since been supplied.

Damage parcels 1-A, 2 and 3 are parts of a strip of land along the the south side of what was the objector's fee at the institution of the proceeding. At that time, there was a railroad switch running diagonally over parts of 2 and 3 to a factory on the fee land, affording a direct railroad shipping connection. The awards made were nominal, and the objection is based upon the claim that there should have been substantial awards for the consequential damage to the property not taken resulting from the loss of this shipping facility.

It is the contention of the city that the damage parcels, during the continuance of the siding, were all burdened by easements for public passage, so that, in legal contemplation, the switch or siding was an encroachment on a highway which the city could have ordered removed at any time. This claim is based upon the doctrine of public easement by prescription, arising " where land is

used by the public for a highway for twenty years, with the knowledge, but without the consent, of the owner." (*City of Cohoes* v. *D. & H. C. Co.*, 134 N. Y. 397.) The claimant contests the theory of easement upon the lack of evidence of dedication. Prescription, however, does not rest upon consent. The testimony in the record of the extent of the user is lengthy, and supports a finding of easements by prescription. The award of nominal damages, therefore, was correct. (*Matter of City of New York* [*Decatur Street, etc.*], 196 N. Y. 286.)

The question of easements is raised in another aspect of this proceeding, that is, in connection with the facts surrounding the sale of the entire fee for real estate development, in the year 1923. The tentatively estimated award in October, 1917, was $21,286.66 for parcel 1-A, and nominal for parcels 2 and 3. None of the parcels had then been actually taken, but parcel 3 was thereafter acquired on May 16, 1919. The minutes do not disclose any further steps until the death of the original claimant, Kaesche, three years later, when his representative sold the entire remainder to one Griffiths, the southerly boundary line of which conveyance constituted the the line of the three damage parcels. In 1924 the commissioners took further testimony and made final awards of nominal damage for all three parcels. The city contends that the sale of the entire untaken fee left in the grantor no property which could in any wise be served by the strip parcels, and that no basis for a claim for damage survived, and cites *Ranscht* v. *Wright* (9 App. Div. 108; affd., 162 N. Y. 632). It is true that the claimant excepted from his grant whatever was taken or would be taken by the city in this proceeding, " reserving " to himself all awards therefor. The case of *Matter of City of New York* (*Avenue D*) (200 N. Y. 536) is cited in support of the claimed effect of this reservation. But in that case part of the property was retained, which barred the inference of an intent to part with all easements, and for that reason the " reservation " of the award was upheld.

The claimant raised the further question as to the right of the commissioners to take any further evidence of the value of the damage parcels after the sale to Griffiths. The claimant ascribes to the city the theory that the sale of the land to Griffiths, in 1923, and the development of the land by Griffiths, required a different rule of damage to be applied, because the sale of the land for a real estate development was an abandonment by the claimant of his claim for damages, and that by so doing the city " wholly disregarded the fact that because of the vesting of title to Damage 3, long prior to this, to wit, in 1919, the ability to use the factory building for the switching facility had been wholly cut off, and

the buildings were of no value without the ability to haul material in and out." Had the city proceeded upon this theory, there would be force in the claimant's contention, for a municipality should not, in condemnation, be permitted, *first*, to take an owner's most valuable parcel, and then, after such taking has destroyed the consequential value it gave to his untaken property, deny his claim for any consequential damage. However, the record does not support this claim, and folio references for verification are not submitted. The city's expert, Meynen, in June, 1916, had given his estimate of value upon the assumption that the damage parcels were burdened with easements of public use. That contention was never abandoned by the city. The new evidence, in 1924, given by Meynen, was to the same effect, and that the untaken land, easements or no easements, was better adapted and more valuable for residential and lot development than for manufacturing purposes. Until 1924 there had been no evidence taken since that of Kaesche, the original claimant, in 1916, who had brought down factory operation to that time, and then rested. Nothing further appears until February, 1922, when Kaesche's representative appeared and offered a quitclaim deed. Later, they sold to Griffiths, who in turn sold to Blattmacher Bros., and in January, 1924, the latter appeared as claimants. Thereupon, notice was given to the latter and to Kaesche's representative to show cause why the preliminary awards should not be finally reduced to nominal amounts. Thereupon, Meynen's further testimony was taken because " of the changed conditions as to vesting of title and otherwise." The chairman correctly ruled that the commissioners had the right to take the further testimony, and indeed it was their duty so to do. Then followed the testimony to which I have heretofore referred. The entire testimony of Meynen is upon the basis of the change to residential availability prior to the taking of parcel 3. There is a complete failure of the claimant to make it appear from his witness, Dean, or from Meynen, that factory operation was terminated, or even hampered by the technical vesting of the title to parcel 3 in May, 1919. Dean testified that " he was instructed not to take the building into consideration," although the buildings were still on the ground and there remained until removed at the time of the new development. Further, when Dean, under cross-examination, was asked a question which assumed factory operation, there was objection by the claimant on the ground that it was " purely speculative " and the objection was sustained. Two other questions upon cross-examination rather assumed factory operation in 1919, but it does not appear whether or not this was prior to May. The record is

void of any testimony as to factory operation later than 1916, and *non constat* operation had ceased immediately, and not in or about 1919, or as a consequence of the taking of parcel 3. If, therefore, there is no testimony showing factory operation up to the time of that taking, and if the property had become too valuable for factory use, the right to the siding was of but nominal value. There was no consequential damage by the taking of the parcel upon which the useless and unused rails of the siding lay, and the taking would hasten the realization of the better values of the residential development.

The motion to confirm is granted.