Matthew M. Levy, J.
A contract was entered into for the sale of certain real estate. The purchaser made deposit on contract and incurred expenses for title examination. He rejected title, because, as alleged in the complaint, “ the defend-^ ant was unable to and is not able to convey good title to the premises above described in accordance with the terms of the *433 said contract Exhibit ‘ A ’ annexed ”. The purchaser now sues for the return of the deposit, for reimbursement of the expenditure, and to impress a lien on the property to insure payment. The seller asserts that it has had and now has a good and marketable title, and counterclaims for specific performance. The matter comes before me on the defendant’s motion for summary judgment dismissing the complaint and granting the relief prayed for in the answer (Rules Civ. Prac., rule 113).
The contract states that it is subject to a state of facts set forth on a survey of June 26, 1912 and redated January 31, 1952, provided title is not rendered unmarketable thereby. The survey was exhibited and initialed by the buyer’s attorney at the time of contract. The agreement also provides that the property is sold as is, in its present condition, and that the purchaser acknowledges that no representations or warranties were made. However, the description does refer to metes and bounds and walls. The plaintiff claims that the defendant was unable to convey good title in accordance with the terms of the agreement, in that the contract description specified three walls and one party wall, whereas the improvement in fact has two party walls, thus rendering the premises economically less valuable. Apart from the question of marketability, the issue arises whether the vendor offered to deliver what was sold, and it is in this connection that the purchaser says that, despite the various conflicting provisions, he was to examine the survey exhibited and initialed to discover what it would reveal with respect to the property described in the contract. While the defendant urges that the plaintiff had the survey, initialed it, and at the time of contract therefore knew what the facts were, the plaintiff points out that the survey is complex in its character and reading, that a statement was made at the time of the contract that the survey would be read thereafter, and thus at the time of contract the plaintiff did not know it was engaging in the purchase of a building having two party walls.
The law is clear that, where the contract is altogether silent on the subject, the existence of an unspecified ordinary party wall (or perhaps even two) does not render the title unmarketable (Hendricks v. Stark, 37 N. Y. 106; 2 Warren’s Weed on the New York Law of Real Property [4th ed.], § 24.13). But the question remains whether the defendant can deliver title as agreed, when it attempts to deliver a building having two party walls instead of the one party wall expressly specified in the contract. In Hendricks v. Stark, (supra, p. 110), it is pointed out that the contract — the notice of sale there — was *434 silent altogether as to party walls; but, here, the contract specifically referred to one party wall, and not two. That point of distinction is referred to by the Court of Appeals in O’Neil v. Van Tassel (137 N. Y. 297, 301). While it is true that there is no intimation that there was overreaching or undue advantage taken in any regard, there appears to be an issue upon the basis of the papers that the plaintiff did not have adequate opportunity to know the facts, that he contracted to purchase an improvement having one party wall, and was thereby induced to pay a price which he would not have paid had he known that there were two party walls, and that the defendant is not able to deliver the thing contracted for. It seems to me, also, that the nature, size and quality of the additional party wall and its relationship to the property in question and adjoining realty, as well as whether or not there are any covenants to maintain the same, are relevant facts that must be gone into upon the trial (cf. Schaefer v. Blumenthal, 169 N. Y. 221; O’Neil v. Van Tassel, supra, p. 301). I have been cited no cases precisely in point, but I have come to the conclusion that the question cannot be disposed of as a matter of law without reference to the factual situation, or summarily on the papers now before me. Accordingly, the defendant’s application for summary judgment dismissing the complaint is denied.
Certainly, the application for judgment in the defendant’s favor on the counterclaim, which seeks specific performance, should be denied. While specific performance may flow from a contract for the purchase and sale of real property, the aid of equity in the enforcement of a contract is discretionary and may be withheld. In the circumstances here, relief on the counterclaim should be withheld until there is a full development of the facts so that the court may exercise its equitable power in the light of all the facts.
The motion is denied. Order signed.